Life Printing and Publishing Company, Inc., Appellant, v. Marshall Field III et al., Appellees.

Gen. No. 43,482.

Heard in the first division of this court for the first district at the October term, 1945. Opinion filed January 7, 1946. Released for publication January 21, 1946.

IRVING BREAKSTONE, of Chicago, for appellant.

MAYER, MEYER, AUSTRIAN & PLATT, of Chicago, for appellees; JACOB X. SCHWARTZ, of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

This is the second appeal by plaintiff from judgments striking its complaint and dismissing its cause in actions brought by it to recover damages alleged to have been suffered as the result of the publication by defendants of several articles relating to the Gentile Co-operative Association, an anti-Semitic organization.

 The publications complained of and the complaint filed by plaintiff are substantially set forth in our former opinion. (324 Ill. App. 254.) The complaint in the present action is essentially the same as in the first, except for additional allegations relating to special damages. The first action was based upon the theory that the publications complained of were libelous. In sustaining the judgment of the lower court in dismissing plaintiff's action, we said (p. 260): "Plaintiff being a corporation, no question of personal reputation can be involved, and the defamation must assail its financial position, its business methods, or accuse it of fraud or mismanagement. 33 Am. Jur., Libel and Slander, sec. 193, pages 183, 184, citing *National Refining Co. v. Benzo Gas Motor Fuel Co.,* 20 F.2d 763, and *Axton-Fisher Tobacco Co. v. Evening*

*Post Co.,* 169 Ky. 64. Words spoken or written of a stockholder or officer give no right of action to the corporation unless spoken or written in direct relation to the trade or business of the corporation. If they relate solely to the stockholder, officer or employee in his private or personal capacity, only the individual can complain. *Brayton v. Cleveland Special Police Co.,* 63 Ohio St. 83; *Adirondack Record, Inc. v. Lawrence,* 202 App. Div. 251, 195 N. Y. S. 627; *Midland Pub. Co. v. Implement Trade Journal Co.,* 108 Mo. App. 223; *Memphis Tel. Co. v. Cumberland Tel. & Tel. Co.,* 145 Fed. 904; *Willfred Coal Co. v. Sapp,* 193 Ill. App. 400, 405, 414," and (p. 263): "The articles complained of were published to expose and denounce the Gentile Co-operative Association and its founders and promoters. Plaintiff concurs in the denunciations. The statements as to the residence of Ferree and his occupation as publisher of Cicero Life were merely incidental and for the purpose of identifying him. On the motion to dismiss and on this appeal these statements must be regarded as untrue. However, there is not the slightest intimation of any wrongdoing or impropriety of conduct at the alleged residence or in connection with his alleged occupation as publisher of the Cicero Life. Whatever is said derogatory to Ferree is in connection with the Gentile Co-operative Association and his part as an incorporator of it. Nothing is said of Ferree or of Flitcraft in relation to the business of plaintiff corporation . . ."

In the present action plaintiff abandons the libel theory and contends, as stated in its reply brief, "that where as here, a defendant publishes matter, *of whatever nature,* maliciously intending to injure the plaintiff, and the words have the desired effect and do actually produce damage to the plaintiff, which is susceptible of proof, there is an actionable concurrence of loss and injury where an action will lie, *even though an action for defamation might not."* (Italics

ours.) Plaintiff relies upon *American Ins. Co. v. France,* 111 Ill. App. 382, 385–386, where it was held that an action by plaintiff would lie against the defendant, a former employee, who had falsely stated "that the plaintiff had gone out of or quit the farm insurance business," for the fraudulent and malicious purpose of inducing policyholders of the plaintiff to surrender and cancel existing policies of insurance. This decision is based upon cases in which the plaintiffs lost business by reason of false statements directly relating to their businesses and cases where the defendants had maliciously and fraudulently, for the purpose of injuring plaintiffs, caused employees to break their contracts of employment with plaintiffs or quit their employment. We are in accord with the principles of law announced in the several cases as applied to the facts in the respective cases, but such principles are inapplicable to the question before us. Plaintiff's second action is subject to the same insuperable defect which defeated its first action. The publications complained of relate solely to the alleged officer or employee of the plaintiff in his private or personal capacity and not in his capacity as officer or employee of plaintiff or in connection with the conduct or management of plaintiff's business. Therefore the right of action, if any, as stated in our former opinion, is in the individual and not the corporation.

The complaint is also subject to the defense of *res judicata,* raised by defendants' motion for judgment. As said in *People v. Harrison,* 253 Ill. 625, 629, where a judgment upon a demurrer in a chancery proceeding was held to be *res judicata* of a subsequent action for a writ of mandamus: "It is argued that the decree, having been rendered upon a general demurrer to the bill, is not a bar to a subsequent action between the same parties for the same cause of action. It is true that a judgment, to be a bar, must have been rendered upon the merits. A judgment that a decla-

ration is bad is not a bar to a declaration stating facts which do constitute a cause of action. It is, however, settled law that it makes no difference whether the facts upon which the court proceeded were proved by evidence upon issue joined or were admitted by way of demurrer to a pleading stating the facts. In either case the judgment rendered is equally available as an adjudication, and the facts so established cannot be again drawn in question between the same parties. A judgment upon a demurrer for defect in the pleadings will not bar another action for the same cause, but a decision upon the merits of a cause of action or defense upon demurrer will be a bar in a subsequent proceeding upon the same facts." (Cases cited.) The court further said (p. 628): "Nor is it material that other or additional reasons or arguments are now brought forward for granting the relief sought. The doctrine of former adjudication extends not only to the questions actually decided, but to all grounds of recovery or defense which might have been presented. *Godschalk v. Weber,* 247 Ill. 269." The latter quotation is particularly applicable to the present case, where plaintiff, relying upon the same facts and seeking the same relief—compensation for damages alleged to have been sustained by reason of the publications complained of, as in the first case—merely changed its theory as to the grounds of recovery. Other cases are *Marie M. E. Church of Chicago v. Trinity M. E. Church of Chicago,* 253 Ill. 21, and *Midlinsky v. Rubin,* 341 Ill. 378, 385.

■ The trial court properly sustained defendants' motions on the ground of *res judicata,* as well as failure to state a cause of action in the complaint, and the judgment is affirmed.

*Affirmed.*

Matchett, P. J., and O'Connor, J., concur.