George Pratt as Conservator of the Estate of Gilbert Baker, an Incompetent, Appellant v. Roger Baker, Individually and as Executor of the Estate of Walter Baker, Deceased, Appellee.

Gen. No. 65–1.

Second District.

December 3, 1965.

Rehearing denied January 4, 1966.

Donald J. Hennessy, of Naperville, for appellant.

McDermott & Emery, of Chicago (Hamilton Smith and Frank J. Uvena, of counsel), for appellee.

MR. JUSTICE PETERSEN delivered the opinion of the court.

This is an appeal from an order of the Circuit Court of DuPage County dismissing plaintiff's complaint in a proceeding against the $10,000 bond of the Executor of the Estate of Walter Baker, deceased. The principal question for our decision is whether or not the amended complaint states a cause of action. A better understanding of the question involved in this appeal will come about if we review the context of prior litigation between the parties hereto, for the basic factual situation upon which this appeal arises, is set forth therein.

In Pratt v. Baker, 48 Ill App2d 443, 199 NE2d 307, (2nd Dist 1964), in an appeal involving two claims filed by George Pratt as Conservator for Gilbert Baker, alleged to be incompetent, against the Estate of Walter Baker, deceased, we held that those claims were barred by the failure to file within the time allowed by law. One claim was based on promissory notes signed by Walter Baker and dated some 40 years ago. The other claim was for services rendered by Gilbert Baker to the deceased during a period of nearly 30 years, beginning in 1930. The Pro-

bate Court of DuPage County, applying the general Statute of Limitations, disallowed the claim on the notes; the Court also disallowed the claim for services rendered more than 5 years prior to the claim, allowing only that portion of the claim based upon the rendering of services within the five-year period not barred by the general statute. We reversed the judgment that had been rendered in favor of the conservator.

In that case, inter alia, it was argued that the defendant Executor was estopped from raising the nonclaim statute as a defense by reason of his failure to have a guardian ad litem appointed for Gilbert Baker, when he knew of Gilbert's incompetence. At page 446, the Court held that there was ample precedent against the use of estoppel to avoid the effect of the statute on nonclaim and that neither an executor, legatee or distributee could waive the limitation on the presentation of claims. At page 443, on the subject of Gilbert Baker's incompetency, the Court stated:

"It appears that Gilbert Baker, although not insane, was mentally defective and regarded as not employable. He was taken into the home of his brother, Walter Baker, who provided room and board and some spending money, and Gilbert Baker performed such farm labor as was within his ability. He could do some types of physical labor if told what to do, but he was not competent to operate a tractor."

It is the same question of Gilbert Baker's alleged incompetency, and the related question of whether or not Roger Baker, as Executor of the Estate of Walter Baker, knew of this incompetency and failed to take the proper steps, that again emerge as the nub of the amended complaint, that is questioned in this present appeal. Let us look then at the substance of this amended complaint.

The amended complaint alleges that the defendant, having personal knowledge of the fact that Gilbert Baker

was under a legal disability and not capable of managing his financial affairs, had one or more of the following duties:

(a) To advise the Court that an interested person was under a legal disability;

(b) To have a guardian ad litem appointed; and

(c) To indicate on the face of the petition for Probate that an interested person was under a legal disability.

The amended complaint further alleged that the defendant had violated these alleged duties; and it alleged that he had violated his Executor's Bond by one or more of the following acts or omissions:

(a) Defendant caused to be filed the Appearance and Waiver of Notice of Gilbert Baker, contrary to the law which allows for filing only for persons not under legal disability;

(b) Defendant failed to advise the Court of the legal disability of an interested person until long after the nine-month period for filing claims;

(c) Defendant failed to have a guardian ad litem appointed for Gilbert Baker;

(d) Defendant failed to request the Clerk of the Court to send Gilbert Baker, an interested person, a copy of the petition for Probate in accordance with the law; and

(e) Defendant failed to indicate on the face of the petition to Probate that Gilbert Baker was an incompetent or under legal disability.

The amended complaint alleged that since, during the nine-month period within which claims against the estate could have been filed, neither guardian, guardian ad litem nor conservator were appointed for Gilbert Baker, nor copy of the petition to Probate sent to him, the

period for filing the aforesaid claims expired before this plaintiff had an opportunity to file them. As we have said, we disallowed these claims on appeal, holding that they were barred by the failure to file within the time allowed by law.

Finally, the amended complaint alleged that by reason of these failures and omissions on the part of the Executor Roger Baker, Gilbert Baker was damaged in excess of the $10,000 bond of the defendant Executor, and prayed for relief in a claim on that bond in the sum of $10,000.

The defendant's motion to strike and dismiss the complaint is bottomed on the following reasons:

(a) The amended complaint does not state a claim upon which relief can be granted;

(b) The law does not impose upon the defendant the duties plaintiff seeks to impose upon him;

(c) The amended complaint (supposing that defendant knew that Gilbert was incompetent, and despite that knowledge failed to take action in accordance with that knowledge) fails to allege that defendant had any experience in the matter of determining the state of one's mental health;

(d) The plaintiff claim predicated on three promissory notes, dated 1922, 1923 and 1924, is barred by the 10 year statute of limitations, Ill Rev Stats 1963, chap 83, sec 17; the claim based on farm labor performed from 1930–1959, now in effect seeks indirectly to recover on the claim for wages which is barred by the five-year statute of limitations, Ill Rev Stats 1963, chap 83, sec 16. Since neither of these claims is valid, plaintiff has no cause of action, irrespective of whether defendant had the duties plaintiff says he had.

393

We must decide whether or not this amended complaint, together with its countervailing motion to strike and dismiss the complaint, and considered in its context of prior litigation, states a cause of action. We hold that no cause of action has been stated.

The crucial issue in this appeal is the question of the alleged knowledge that the defendant had of Gilbert Baker being "under a legal disability."

Plaintiff cites In re Estate of Viehman, 47 Ill App2d 138, 197 NE2d 494 (1st Dist 1964), as authority for the proposition that an executor, who had personal knowledge of the legal disability of a person in interest, has a duty to inform the Court of this knowledge. But, by the undisputed facts in Viehman, the record discloses that one E. Guy Mundy was, at the time of the decedent Ethel A. Viehman's death, by the appointment of the County Court of Wabash County, not only her duly appointed, qualified and acting conservator, but also the duly appointed, qualified and acting conservator for Camille C. Viehman, Ethel A. Viehman's only child, and the administrator's knowledge of the heir's incompetency had already been judicially determined.

In the case at bar, there was no such judicial determination. Plaintiff's allegation is, by itself, insufficient to establish such conclusive knowledge. In short, the plaintiff's allegation remains, at best, a conclusion, unfounded by any statement of fact. We have here a case of hindsight—not foreknowledge. Viehman cannot be stretched in this case to fit the plaintiff's Procrustean bed of the personal knowledge of alleged incompetency—an allegation supported neither by fact nor law.

Neither sections 63, 64 nor 65 of the Probate Act (Ill Rev Stats 1963, c 3, §§ 63, 64 and 65) nor the Rules of Practice of the Probate Court of DuPage County, Illinois (effective January 1, 1961) impose a duty upon either the executor or the Clerk of the Courts—

Probate or Circuit—to ascertain the competency of adult heirs and to cause a conservator, or guardian, or guardian ad litem, to be appointed for or on behalf of any person of legal age having an interest in the estate.

■ ■ By his motion to strike and dismiss the complaint for failure to state a cause of action, defendant may be deemed to admit all well-pleaded allegations of fact in the amended complaint. Pease v. Kendall, 391 Ill 193, 63 NE2d 2 (1945). Defendant may not, however, be deemed to admit plaintiff's legal conclusions, Pierce v. Carpentier, 20 Ill2d 526, 169 NE2d 747 (1960), or that which is patently not so, Lustgarten v. First Federal Savings & Loan Ass'n, 42 Ill App2d 86, 191 NE2d 434 (1st Dist 1963).

■ ■ It appears from defendant-appellee's written brief that in the case of Pratt v. Baker, supra, there was some difference of opinion as to whether or not Gilbert Baker was mentally defective, and that this difference of opinion existed between both experts and laymen. To hold defendant liable for certain knowledge of Gilbert Baker's mental condition, would require vastly more of an executor than any law of this state presently calls for. To be sure, one who has been put by Court order into a position of trust in any sort of fiduciary capacity does well, as the late Judge Cardozo once said, "to observe the punctilio of an honor the most sensitive." Meinhard v. Salmon, 249 NY 458, 164 NE 545 (1928).

■ The Probate law was not designed to set impossible tasks for those who would assist in the distribution of the property of the deceased. Neither clerks nor executors are held to such technical skill. It is enough that they proceed cautiously and prudently to protect the unwary, the legally disabled, and the incompetent when this condition is called to the attention of the court. It is quite another thing to say that when such a condition is discovered or suspected after the time within which a claim might have been filed, that it follows that

■■■

the executor had "personal knowledge" of that incompetency.

We, therefore, hold, as a matter of law, that the amended complaint in this cause does not state a cause of action. The judgment of the Circuit Court of DuPage County dismissing the plaintiff's complaint is hereby affirmed.

Judgment affirmed.

MORAN and DAVIS, JJ., concur.