The Exchange National Bank of Chicago, as Trustee Under Trust No. 17922, and The Pure Oil Company, an Ohio Corporation, Plaintiffs-Appellees, v. The Village of Skokie, a Municipal Corporation, Defendant-Appellant.

Gen. No. 51,255.

First District, Fourth Division.

May 27, 1966.

Morton C. Kaplan, Assistant Corporation Counsel, of Skokie, for appellant.

Paul Peter Black, of Chicago, for appellees.

MR. JUSTICE McCORMICK delivered the opinion of the court.

An appeal was taken to this court by the Village of Skokie. The judgment order appealed from was given and entered on November 30, 1965. The notice of appeal was filed 59 days later, on January 28, 1966.

Section 76 of the Illinois Civil Practice Act (Ill Rev Stats 1965, c 110, § 76, as amended on May 19, 1965, by an act effective January 1, 1966) provides:

> "No appeal may be taken from a trial court to the Supreme or Appellate Court after the expiration of 30 days from the entry of the order, decree, judgment or other determination complained of. . . ."

Said amendment was printed, published and made available to the Illinois Bar, in Smith-Hurd, Illinois Revised Statutes 1965, which contained the general and pertinent laws of the State of Illinois through the 74th General Assembly, regular sessions, which adjourned June 30, 1965. The Illinois State Bar Association alerted the members of the bar to this amendment in its Civil Practice and Procedure bulletin, Volume XI, Nos. 1, 2, July-August 1965.

█ In the instant case, at the time the judgment order was entered on November 30, 1965, the appeal period was 60 days. The right to appeal is purely statutory and must be availed of in strict conformity with the statute. People v. Bristow, 391 Ill 101, 62 NE2d 545.

█ In Peoples Store of Roseland v. McKibbin, 379 Ill 148, 39 NE2d 995, the court held that an amendment to the statute pertaining to a matter of procedure controls, even though judgment has been entered in the trial court and the cause is pending on appeal.

█ █ In Marlas v. Virekeos, 14 Ill App2d 1, 142 NE2d 808, the contention was made in the Appellate

217

Court that the appeal should be dismissed for want of jurisdiction. The judgment was entered on November 8, 1955, when section 76 of the Civil Practice Act provided that notice of appeal should be filed within 90 days after the entry of the judgment. The legislature amended the section on July 19, 1955, reducing the time within which to file the notice of appeal from 90 to 60 days, effective January 1, 1956. The notice of appeal was filed 73 days after the entry of the judgment. The court stated that statutes will not be construed so as to give them a retroactive effect unless a legislative intent to the contrary clearly appears, and that when a change in law merely affects the remedy or law of procedure all rights of action will be enforceable under the new procedure without regard as to whether they accrued before or after such change of law unless there is a saving clause as to existing litigation. [Citing Ogdon v. Gianakos, 415 Ill 591, 114 NE2d 686; Board of Education v. City of Chicago, 402 Ill 291, 83 NE2d 714.] The court further held that there was no saving clause in the statute with reference to judgments rendered prior to January 1, 1956, and that the amendment merely affected practice and procedure. [Citing Orlicki v. McCarthy, 4 Ill2d 342, 122 NE2d 513.] The court held that the plaintiff was required to file his notice of appeal within 60 days from the entry of the judgment. [Citing In re Hinton, 12 Ill App2d 366, 139 NE2d 307, abst.] The appeal was dismissed.

█ In the instant case the plaintiff made a motion in this court to dismiss the appeal. We are bound by the rule laid down in the decisions we have referred to, and the appeal of the defendant, The Village of Skokie, must be dismissed.

██ The defendant filed what it entitles a Petition for Leave to Appeal. This petition is not in accord with section 76 of the Civil Practice Act (Ill Rev Stats 1965, c 110, § 76), nor with Rule 29 of the Illinois Supreme

218

Court, and hence, we will not consider it. If the defendant wishes to file a petition for leave to appeal, complying with the statute and the rules, it will be considered by this court.

Appeal dismissed.

DRUCKER, P. J. and ENGLISH, J., concur.