George Pratt, as Conservator of the Estate of Gilbert Baker, an Incompetent, Plaintiff-Appellant, v. Roger Baker, Individually and as Executor of the Estate of Walter Baker, Deceased, Defendant-Appellee.

Gen. No. 66–89.

Second District.

February 27, 1967.

Rehearing denied March 15, 1967.

MORAN, J., dissenting.

Donald J. Hennessy, of Naperville, for appellant.

McDermott, Will & Emery, of Chicago, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

The plaintiff brought this suit as Conservator of the estate of Gilbert Baker, an incompetent, asking for judgment against the defendant, Roger Baker, individually and as Executor of the estate of Walter Baker, deceased, asserting that Roger Baker, with knowledge of the incompetency of his uncle, Gilbert Baker, violated certain duties owed by him because of his knowledge and of his position as Executor of the estate.

The duties allegedly owed by the defendant, and the factual background giving rise to this case, are fully reported in two prior appeals involving the same parties. (Pratt v. Baker, 65 Ill App2d 389, 212 NE2d 503 (1965); and Pratt v. Baker, 48 Ill App2d 442, 199 NE2d 307 (1964).) We will not repeat all of the allegations or the factual background.

The present complaint as amended, contains three counts: the first count being on the executor's bond; the second, sounding in tort; and the third being based upon fraud. All of the counts were based upon the breach of the same alleged duties which were made the basis of the second suit—reported in 65 Ill App2d 389, 212 NE2d 503. The plaintiff relies upon the same facts for recovery in this suit as he did in the second suit, with some of the allegations being more detailed. Two additional theories—the tort and fraud—were added to this suit as further grounds upon which these facts entitled plaintiff to recover. The second suit was also against the defendant in his individual capacity, as well as executor, and was based upon the executor's bond.

The defendant moved to dismiss the present suit on the ground that it is barred under the doctrine of res

481

judicata by the judgment in the second suit. The trial court agreed and dismissed the suit. The plaintiff contends that the second suit was not a decision on the merits and, thus, res judicata is not applicable. A major portion of plaintiff's brief is devoted to the merits of his case. In view of our decision on the res judicata issue, we do not again consider the merits.

In the second suit, the trial court granted defendant's motion to dismiss the amended complaint. The amended complaint in that suit, and in the present suit, contained the same allegations as to the acts and omissions which allegedly gave rise to plaintiff's cause of action. The same trial court judge presided over both suits. As indicated in the opinion of the trial court in this case, the motion to dismiss in the second case was granted on the grounds that there was failure to state a cause of action as a matter of law. Thereafter the plaintiff failed to plead over, and elected to stand on his amended complaint.

██ Judgment was entered herein prior to January 1, 1967, the effective date of Supreme Court Rule 273. Under the law at the time of the judgment herein, a motion to dismiss could be based on a technical deficiency in a pleading, and in such case, a dismissal would not be a bar to another suit for the same cause. Lurie v. Rupe, 51 Ill App2d 164, 176, 177, 201 NE2d 158 (1964); Cheevers v. Stone, 10 Ill App2d 39, 44, 134 NE2d 32 (1956).

██ The law also provides that a prior judgment for the defendant on the ground of the nonexistence of some fact essential to the plaintiff's cause of action, does not preclude the plaintiff from maintaining an action after such fact subsequently comes into existence. Such rule excepts from the application of res judicata, the premature action where time for performance by the defendant has not arrived, or where plaintiff has not performed a condition precedent to recovery. LaSalle

Nat. Bank v. 222 East Chestnut St. Corp., 267 F2d 247, 252 (CA 7th, 1959); Restatement, Judgments, § 54 (1942). In order for a dismissal to be a bar to a subsequent suit, a prior judgment must have been rendered on the merits. Life Printing & Publishing Co., Inc. v. Marshall Field, III, 327 Ill App 486, 489, 64 NE2d 383 (1946).

■ The motion to dismiss filed in the second suit challenged the legal sufficiency of the allegations against the defendant as a matter of law, upon the following grounds:

"(a) The amended complaint does not state a claim upon which relief can be granted;

"(b) The law does not impose upon the defendant the duties plaintiff seeks to impose upon him;

"(c) The amended complaint (supposing that defendant knew that Gilbert was incompetent, and despite that knowledge failed to take action in accordance with that knowledge) fails to allege that defendant had any experience in the matter of determining the state of one's mental health;

"(d) The plaintiff's claim predicated on three promissory notes, dated 1922, 1923 and 1924, is barred by the 10 year statute of limitations, Ill Rev Stats 1963, chap 83, sec 17; the claim based on farm labor performed from 1930–1949, now in effect seeks indirectly to recover on the claim for wages which is barred by the five-year statute of limitations, Ill Rev Stats 1963, chap 83, sec 16. Since neither of these claims is valid, plaintiff has no cause of action, irrespective of whether defendant had the duties plaintiff says he had."

Such motion did not contest the facts set forth in the complaint. Rather, it disputed the plaintiff's right, as a

matter of law, to recover upon the facts stated. It was immaterial whether the facts upon which the trial court based its determination were proven by evidence upon issue joined or admitted by a motion to dismiss. In either case it was a trial on the merits. Elston-Damen Currency Exchange, Inc. v. Sheon, 46 Ill App2d 218, 222, 197 NE2d 143 (1964); Life Printing & Publishing Co., Inc. v. Marshall Field, supra, 490. Under the pleadings, plaintiff's basis for recovery became, and was, an issue of law. Following his election to stand on his complaint, the general order of dismissal was an adjudication of all issues thereby raised. Doner v. Phoenix Joint Stock Land Bank of Kansas City, 381 Ill 106, 109, 112, 45 NE 2d 20 (1942).

In our prior opinion, it is suggested that a part of plaintiff's pleadings consisted of legal conclusions. Were this the only ground for dismissal, then that judgment might well not have been a bar to this proceeding. It is apparent, however, that the dismissal of the complaint in the second suit by the trial court, was not based upon any technical deficiency in the pleadings, but rather, upon the determination, as a matter of law, of the absence of the duties on the part of the defendant, which plaintiff alleged and relied upon. It is also evident from the opinion of this court in the second suit, that the affirmance therein was not based upon the determination that plaintiff had plead conclusions, but rather, that the trial court was correct in holding, as a matter of law, that the duties, which were supposedly the basis of the action, did not exist.

■ The fact that the plaintiff in the present suit, has added two additional theories of recovery—"common law tort" and fraud—to the bond theory upon which the second suit was based, is not material. The parties were the same in each suit, and each count or theory of the second suit, is bottomed on the same duties allegedly

owed by defendant—duties which were the basis for the recovery in the second suit. The question of what rights, if any, arose from such alleged duties, was adjudicated in the prior suit. That determination is conclusive upon us. The People v. Harrison, 253 Ill 625, 628, 97 NE 1092 (1912); Godschalck v. Weber, 247 Ill 269, 274, 275, 93 NE 241 (1910); Chas. Ind Co. v. Cecil B. Wood, Inc., 56 Ill App2d 30, 36, 205 NE2d 786 (1965); Franciscy v. Jordan, 43 Ill App2d 344, 351, 357, 193 NE2d 219 (1963); Life Printing & Publishing Co., Inc. v. Marshall Field, supra, 490.

 The law affords every man his day in court along with the opportunity to present his case on the issues involved; and it requires that he bring forth all grounds of recovery or defense which he may then have. "It is of first importance both in the observance of private rights and the public good that a question once adjudicated by a court of competent jurisdiction shall be considered as finally settled and conclusive upon the parties, subject only to proceedings in a court of review." Winkelman v. Winkelman, 310 Ill 568, 573, 142 NE 173 (1924).

For the reasons stated, the order of the trial court dismissing the complaint, as amended, is affirmed.

Order affirmed.

BURT, J., concurs.

MORAN, J., dissenting.