Eleanor Martin, and Eleanor Martin, for the Use of Susan Martin, a Minor, Plaintiffs-Appellants, v. Ernest Masini, Individually and d/b/a Ernie's Knotty Pine Tavern, Andrew J. Lachowicz, Individually, and d/b/a Dam Inn, and Frank Brelle, Individually, and d/b/a Frank and Stub's Place, Defendants-Appellees.

Gen. No. 67–69.

Second District.

December 21, 1967.

Overholser, Flannery & Dunlap, of Libertyville, for appellants.

Diver, Diver, Ridge & Brydges, of Waukegan, for appellees.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

This is an appeal by the plaintiffs, Eleanor Martin, and Eleanor Martin, for the use of Susan Martin, a minor, from an order, or orders, dismissing their dramshop complaint. The suit was filed in December of 1962. On September 14, 1964, the trial court, on the motion of the defendant, Andrew J. Lachowicz, ordered the plaintiff, Eleanor Martin, to produce on October 2, 1964, her income tax returns for the years 1958 through 1963 for inspection and reproduction pursuant to Supreme Court Rule 17 (Ill Rev Stats 1965, c 110, par 101.17).

The plaintiff failed to produce her tax returns as ordered and the defendant then moved to have the case removed from the master trial calendar, and for a rule on the plaintiff to produce the income tax returns as ordered. On October 15, 1964, the trial court entered an order on this motion, removed the case from the trial calendar and ordered the plaintiff to produce the tax returns within thirty days.

The plaintiff again failed to produce the tax returns and the court on February 5, 1965, ordered that "The complaint of plaintiffs be and the same is hereby dismissed, pursuant to the provisions of Supreme Court Rule 19–12." (Ill Rev Stats 1965, c 110, par 101.19–12.)

On March 29, 1966, more than one year after the entry of the above order, the plaintiff filed a motion to vacate the order dismissing the complaint, and stated among other things, that the sanctions imposed by the court were too severe and that the motion of the defendants for dismissal "was not served in accordance with the rules . . . ." A supporting affidavit was filed sometime on or after June 12, 1966, in which the plaintiff's attorney stated that he had not received notice of defendants' motion

350

to dismiss and had not received notice that the dismissal order of February 5, 1965 had been entered.

A counteraffidavit was filed on June 14, 1966, in which the secretary for one of the defendant's attorneys stated that she had mailed a copy of the notice of the defendant's motion to dismiss, as recited in the proof of service which was made a part of said notice. The proof of service indicated that service was made by mail in conformity with the provisions of Supreme Court Rule 7 (Ill Rev Stats 1965, c 110, par 101.7). She stated under oath that the notice of the motion was deposited in the United States mails at Waukegan, Illinois, at about 5:00 p. m., on January 22, 1965; that it set forth the address to which it was mailed; that postage was prepaid; and that the letter so mailed was not returned because of nondelivery. It further stated that on February 5, 1965, at about 5:00 p. m., she mailed the following letter to plaintiff's counsel:

> "Martin v. Masini
> Circuit Court No. 62–2640
> Our File No. 13,645

"Dear Ed:

"Pursuant to notice that we would to (sic) so, on February 5, 1965 motion to dismiss the complaint in the above case was presented before Judge Carey and a copy of the order entered is enclosed."

On July 7, 1966, the court ordered that the plaintiff's motion to vacate be denied. Nothing further was done until January 30, 1967, at which time the plaintiff filed a motion to reinstate her complaint. Her motion stated that her failure to produce the tax returns in no way prejudiced defendants in that the returns were available by way of subpoena; that the matters requested in no way affected the merits of the case; that the order of February 5, 1965, merely dismissed the complaint and

not the lawsuit; and that to dismiss the lawsuit would be greatly prejudicial. The plaintiff's affidavit in support thereof stated that all of the tax returns were not available to her and that she had requested copies from the Internal Revenue Service. The affidavit stated, however, that the request was made only three months prior to the date of the affidavit—January 13, 1967. The defendant, Lachowicz, objected to the motion to reinstate and stated that the motion failed to set forth that the plaintiff had been diligent in seeking relief from the orders of February 5, 1965 and July 7, 1966.

On February 3, 1967, the court entered an order denying the motion of the plaintiff to reinstate and stated: "it is further ordered that said cause of action be and it is hereby dismissed with prejudice, and that all defendants go hence without day."

The plaintiff contends that the order of February 5, 1965, dismissing the complaint, and the order of July 7, 1966, denying the motion to vacate, were not final and appealable orders, and that the sanctions imposed by the court were not proper. She suggests that since the order of February 5, 1965, dismissed the complaint and not the cause of action, it was not final.

This court recently had occasion to consider the question of what constituted a final order in Peach v. Peach, 73 Ill App2d 72, 218 NE2d 504 (1966). There the defendant originally filed a motion to dismiss the amended complaint on the ground that the statute of limitations had run and that the plaintiff, during the period of limitations, was not incompetent so as to toll the running of the statute. The trial court denied the motion, stated that the amended complaint contained sufficient allegations relative to incompetency, and ordered that the issue of the mental incompetency be severed and tried separately so as to determine whether or not the statute of limitations had run. After hearing the evidence, the court held that the plaintiff was not sufficiently incompetent to

toll the running of the statute, and entered an order which provided: ". . . the Court overrules itself with reference to the former motions to dismiss. It now grants the motions to dismiss."

██ In Peach, defendants contended that the order dismissing the complaint was not a final order. We held that it was a final and appealable order. The observations made by this court in Peach are apropos here. We there held that no particular form or technicality determines the finality of the judgment; rather, it is the substance of the order. "(T)he only attribute indispensable to the finality of a judgment or order is that it terminate the litigation between the parties to the suit and finally determine, fix and dispose of their rights as to the issues made by the suit." Peach v. Peach, supra, 78. Also see: Village of Niles v. Szczesny, 13 Ill2d 45, 48, 147 NE2d 371 (1958) ; Johnson v. Gillett, 52 Ill 358, 360 (1869) ; 6 Nichols Ill Civ Prac, §§ 5901, 5907, 5917 and 5925.

██ In Peach, we treated the dismissal of the complaint the same as the dismissal of a cause of action, or the dismissal of a suit. In an appropriate case, a complaint may be dismissed with leave granted to plead-over, or the plaintiff may seek to plead-over within thirty days after dismissal of a complaint where the dismissal is based on a technicality or other matter that may be cured by the filing of an amended complaint. A general dismissal, with no right given to plead-over or followed by an election to stand on the complaint, however, is a final, appealable order. Doner v. Phoenix Joint Stock Land Bank of Kansas City, 381 Ill 106, 109, 45 NE2d 20 (1942). In Pratt v. Baker, 79 Ill App2d 479, 223 NE2d 865 (1967), and in the same case on a prior appeal (65 Ill App2d 389, 212 NE2d 503 (1965), we recognized an order dismissing the complaint, as a final appealable order. In Pratt, we held that whether a dismissal of a complaint bars a subsequent suit for the same cause of action, depends upon whether or not the dismissal was

353

based on a technical deficiency in the pleading. (79 Ill App2d 479, 482, 223 NE2d 865.)

 The failure to assess costs in the order of dismissal does not affect its finality. Peach v. Peach, supra, 79; 6 Nichols Ill Civ Prac, supra, § 5917. Again, we recognize that there are cases which appear to us to exalt form over substance in determining the finality of a judgment. However, we do not think them to be the better reasoned cases. The finality of a judgment does not depend on whether the order in question provides that the "suit," "cause of action," or "complaint" be "dismissed." The law is more than a game of semantics. If an order is entered that a complaint or a portion thereof be stricken, we recognize that then something further must always be done in the action; and that such order is not a final judgment. When, however, there is a dismissal, the finality of the judgment or order depends on the basis and substance of the dismissal and the effect of the adjudication. Peach v. Peach, supra, 78; Chavez v. Elgin, J. & E. Ry. Co., 32 Ill App2d 68, 73, 176 NE2d 664 (1961).

In the present case the dismissal order of February 5, 1965, was not based upon any technical defect in the complaint. It did not rest on a matter that could be cured by an amended pleading. It was a general dismissal which clearly operated and was intended to finally determine, fix and dispose of the issues raised by the complaint. It was a final appealable order.

 More than thirteen months later plaintiffs filed a motion to vacate the dismissal order. Since more than thirty days had elapsed from the date of the final order, the remedy available to the plaintiffs in the trial court was a petition under section 72 of the Civil Practice Act. However, even such a petition would be subject to a showing of diligence on the part of the plaintiffs. Brockmeyer v. Duncan, 18 Ill2d 502, 505, 165 NE2d 294 (1960);

Gundersen v. Rainbow Cleaners & Laundry, 77 Ill App2d 268, 272, 222 NE2d 41 (1966). The motion was not acted upon until July 7, 1966 and then it was denied. Plaintiffs did not appeal from this denial. They did nothing until the following January at which time they filed a motion to reinstate the case. This was denied on February 3, 1967 and a notice of appeal was then filed on March 2, 1967.

■ We do not believe that the filing of a second motion or petition attacking the original order may be utilized to extend the time on appeal. Weaver v. Bolton, 61 Ill App2d 98, 103, 209 NE2d 5 (1965). The last motion or petition contained nothing that was not in the first motion or could not have been included therein. Neither motion purported to be under Section 72, nor did they contain the required allegations for relief under this section. They were merely attempts to have the trial court review its own orders after thirty days, which it cannot do. Such motions or petitions may not be utilized to toll the time for appeal. In re Estate of Schwarz, 63 Ill App2d 456, 460, 212 NE2d 329 (1965).

■ No timely appeal was taken from the original order. (Ill Rev Stats 1965, c 110, par 76.) And, since it is our determination that the original dismissal order was a final order and that a timely appeal was not taken therefrom, we are without jurisdiction to now consider the propriety of the original order or the subsequent orders upholding the original determination; and we agree with the defendants that the appeal must be dismissed. Exchange Nat. Bank v. Village of Skokie, 71 Ill App2d 215, 217, 218, 217 NE2d 336 (1966); Werbeck v. Werbeck, 70 Ill App2d 279, 280, 217 NE2d 502 (1966); In re Estate of Schwarz, supra, 463.

Appeal dismissed.

MORAN and ABRAHAMSON, JJ., concur.