**Mary Threlfall, Plaintiff-Appellee, v. Ronald Threlfall, Defendant-Appellant.**

**Gen. No. 53,932.**

First District, First Division.

December 15, 1969.

Rehearing denied December 30, 1969.

George B. Collins and Jeffrey Schulman, of Chicago, for appellant.

Wexler, Kane & Rosenzweig, of Chicago (Ellis B. Rosenzweig, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

In this appeal, the defendant seeks to reverse, for lack of personal jurisdiction, a decree for divorce which included a grant of custody of the couple's children to the plaintiff.

The record discloses that on March 1, 1968, Mary A. Threlfall, filed a complaint for separate maintenance against Ronald Threlfall. It was therein alleged that the parties were married on November 19, 1955, at Chicago Heights, Illinois, and lived together as husband and wife until December 17, 1967. Plaintiff prayed for alimony and custody of their three children, then eleven, ten and eight years, respectively. This complaint was amended on March 29, 1968, to a complaint for divorce on the grounds of adultery. On April 15, 1968, the defendant filed a general appearance and answer in which he admitted that the plaintiff was a fit and proper person to have the care, custody, control and education of their

children and admitted and denied other allegations. An order was entered on May 1, 1968, which, after reciting that the court had jurisdiction of the parties, ordered the defendant to pay plaintiff the sum of $375 per month for temporary support and alimony and awarded plaintiff custody of the three children. On August 7, 1968, a stipulation was entered into between the parties dismissing the action.

On October 25, 1968, plaintiff filed a second suit for divorce charging adultery and cruelty. In addition to seeking alimony, custody and support of the children and other relief, plaintiff prayed that the defendant be enjoined from filing a complaint for divorce in any other jurisdiction. On that date, an order was entered enjoining the defendant from filing a complaint for divorce or seeking other matrimonial relief in any other state. The defendant was personally served with a summons and a copy of the complaint for divorce in Latah County, Idaho, on November 30, 1968. A notice was served on defendant that plaintiff would request that the temporary writ of injunction that had been issued be made permanent. A permanent injunction was entered on November 7, 1968. In that order plaintiff was also awarded temporary alimony and support and custody of the children.

Plaintiff also filed a petition under section 72 of the Civil Practice Act in the first divorce action on December 5, 1968. Notice of the presentation of the petition to the Circuit Court of Cook County was served upon the defendant by certified mail. In the petition plaintiff alleged that the defendant fraudulently induced her to enter into the stipulation to dismiss the divorce action. She alleged that she agreed to this stipulation on defendant's representation that he would abandon his girl friend and return to his home with the plaintiff and their children. The defendant then took the children from the plaintiff ostensibly for a weekend trip to Lake of the Ozarks,

Missouri, but actually took them to the State of Idaho, where he filed divorce proceedings against her. Plaintiff prayed that the order of dismissal entered on August 27, 1968, be vacated and that the two divorce actions be consolidated.

The defendant filed a special and limited appearance solely for the purpose of contesting the jurisdiction of the court over his person. He alleged that the petition constituted a new proceeding which required service of process in the ordinary manner and prayed for an order finding that the court had no personal jurisdiction. The two divorce actions were consolidated and a hearing set for December 19, 1968, on the matter of defendant's special appearance and the section 72 petition. After hearing arguments of counsel on December 19th, the court entered an order denying defendant's objection to the court's jurisdiction.

The dismissal order in the original divorce action was then vacated and the matter proceeded to trial. Plaintiff subsequently moved for the entry of a decree, and the defendant, appearing specially, on January 20, 1969, filed objections to the judgment of divorce and other relief. The defendant objected specifically to the recital in the proposed decree that the court had heard sufficient evidence to support plaintiff's petition on the ground that the court had no jurisdiction of the person of the defendant and that such jurisdiction was a prerequisite for the exercise of jurisdiction over the support and custody of the children who were in defendant's custody in Idaho. Only the Idaho courts, defendant alleged, had jurisdiction over their custody. Defendant's objection was overruled and a decree for divorce was entered on January 21, 1969. Plaintiff was granted custody of the children, $25 a week for the support of the children and other relief.

In the judgment for divorce the court found that it had jurisdiction of the parties and the subject matter and

279

that defendant had wrongfully absconded with the children from the State of Illinois. The court had been advised by defendant's counsel that a decree of separate maintenance finding that the court had jurisdiction and granting the defendant custody of the children had been entered in Idaho on November 19, 1968. The court held that this action taken by the defendant was in violation of the injunction order which had been served on defendant prohibiting him from taking such action. It was further held that the defendant had been a resident of Illinois for a period of seventeen years, was employed in Illinois during that time and was still a bona fide resident of Illinois. The court stated that the Idaho decree was procured by fraud on the part of the defendant and that said decree was void.

The defendant argues that a section 72 petition is not a continuation of the prior proceeding and thus requires new process. The defendant also contends that Illinois courts do not have jurisdiction over children in a sister state to award their custody to an Illinois resident. It is argued that the defendant was domiciled in Idaho before any proceedings were pending in Illinois, that he was not subject to jurisdiction under section 72 and that the granting of custody of the children to the plaintiff was therefore improper.

 Plaintiff filed a petition in the original divorce proceedings under section 72 of the Civil Practice Act which replaced bills of review and other post-judgment and decree remedies. Ill Rev Stats 1967, c 110, § 72. One of the purposes of this section is to impeach a decree for fraud following the expiration of thirty days as plaintiff sought in his case. This petition was filed well within the two year limitation of the section.

Section 72 provides in relevant part:

> (2) The petition must be filed in the same proceeding in which the order, judgment or decree was en-

280

tered but is not a continuation thereof. The petition must be supported by affidavit or other appropriate showing as to matters not of record. All parties to the petition shall be notified as provided by the rule.

The "rule" referred to in section 72 is Supreme Court Rule 106 which in turn refers to Supreme Court Rule 105. These rules contain provisions for service by mail and state as follows:

Rule 106. Notice of Petition for Relief From Final Judgment.

Notice of the filing of a petition for relief from a final judgment after 30 days from the entry thereof shall be given by the same methods provided for the giving of notice of additional relief to parties in default.

Rule 105. Additional Relief Against Parties in Default—Notice.

(b) Service. The notice may be served by any of the following methods.

(2) By prepaid registered mail addressed to the party, return receipt requested, delivery limited to the addressee only. Service is not complete until the notice is received by the defendant and the registry receipt is prima facie evidence thereof.

██ ██ The Joint Committee Comments to section 72 state that while the petition is not a continuation of the prior proceeding new process need not issue. Notice, which is all the statute specifically requires, is therefore all that is necessary. See also Patts v. Rogers, 38 Ill App 2d 306, 187 NE2d 285, where the court reversed a section 72 case for lack of notice without mentioning any need for new process. In the present case, the defendant was admittedly served with notice of the presentation of the

petition by certified mail, and a copy of the postal receipt signed by the defendant was filed with the court. We hold that this was sufficient notice as required by section 72 to reinstate the admitted jurisdiction of the court in original divorce action. The court thus retained jurisdiction of the person of the defendant and the subject matter of the custody of the children.

Defendant relies heavily on Beckmann v. Beckmann, 358 Mo 1029, 1033, 218 SW2d 566, 569, where the Missouri Supreme Court stated:

> Ordinarily the domicile or legal residence of a minor child is the same as that of the father. But where the father and mother separate and establish different domiciles the child usually takes the domicile of the parent with whom it lives in fact.

However, in Beckmann, the Missouri court upheld a custody decree by a Missouri court even though the defendant, father, had fled with the children to California before the divorce proceeding began. Service by publication was had, but the defendant did not answer. He did file a special appearance to object to the Missouri court's jurisdiction to proceed with the case. The ground of his objection was that he was temporarily a resident in California and detained there by ill health. It was held that he was still domiciled in the State of Missouri and the children were thus also domiciled there. The status of their custody was therefore a res within the jurisdiction of the Missouri court even though the children were physically without Missouri.

In the case at bar, the defendant fled Illinois with his children after his wife had been awarded a divorce and custody of the children, and the parties agreed to dismiss the proceeding because of the defendant's agreement to return to the home of the wife and the children. The defendant subsequently, fraudulently, ob-

282

tained the children from the custody of the plaintiff, to take them for a weekend trip to Missouri as he had represented to the plaintiff, but instead he went to Idaho and has not returned. In the custody proceeding he instituted in Idaho, in violation of the Illinois injunction, defendant alleged that he was temporarily a resident in Idaho and alleged none of the requisites of a domicile. We hold, under the circumstances, that defendant is still a domiciliary of Illinois and the Illinois court has jurisdiction over the custody of his children.

In April, 1968, the defendant admitted jurisdiction of the Illinois court over his person. He could not have done otherwise since he was a domiciliary of Illinois with his family residence and job here. The defendant admitted in his answer to the divorce complaint in the original action that plaintiff was a fit and proper person to have custody of their children, and she was awarded custody. In answer to the section 72 petition the defendant did not deny nor did he offer any evidence to rebut the charge that he fraudulently induced the plaintiff to dismiss her action on August 7, 1968. He does not dispute that he did not return to live with the plaintiff as man and wife as he had agreed, nor does he dispute that he fraudulently obtained possession of the children and fled Illinois to which he has not returned.

██ It was on this record that the court reinstated the divorce action on the ground that the stipulation to dismiss the suit was obtained by the defendant through fraud. That finding is clearly supported by the record. If the matters disclosed here had been presented to the Idaho court, we believe that it would not have held that it had jurisdiction of the defendant and the children for the purposes of a custody decree. Such a decree could not pass the tests of justice and fair dealing. It would certainly be an anomaly in legal procedure if a person permanently domiciled in Illinois and who by order of an

Illinois court did not have custody of his children could by fraudulently obtaining a dismissal of the divorce action flee to another jurisdiction and obtain a quick decree giving him custody of the children. That would subject every marriage to a new infirmity permitting litigants to flaunt the orders of the courts where they are permanently residing.

The Circuit Court properly held that it had jurisdiction of the parties and the subject matter and properly reinstated the divorce action and its previous orders. Its judgment is therefore affirmed.

Affirmed.

ADESKO, P. J. and MURPHY, J., concur.