LECTRO-STIK COMPANY, Plaintiff-Appellant, *v.* STEPCO CORPORATION, Defendant-Appellee.

(No. 57171;

First District (4th Division)—April 24, 1974.

*Rehearing denied May 29, 1974.*

Schiller & Schiller, of Chicago (Levin & Novoselsky, of counsel), for appellant.

Barry J. McCaughey, of Chicago, for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

An action was brought by plaintiff in the law division of the circuit court of Cook County. Following a change in the ad damnum limit of the law division, the case was transferred to the municipal department, of the circuit court. Upon a trial call in the municipal department, the defendant did not appear and an ex parte judgment was entered.

On November 16, 1971, a petition to vacate the judgment was filed by defendant and plaintiff filed a special appearance questioning the jurisdiction of the court to hear the petition. The court entered and continued the matter. On December 14, 1971, the court granted defen-

dant's petition to vacate and set the matter for trial. The case came up for trial on January 24, 1972, and was dismissed for want of prosecution.

The principal issue presented for our review is whether the lower court had jurisdiction to vacate the judgment.

The facts that are pertinent to this appeal can be summarized as follows: Plaintiff filed a tort action in the law division of the circuit court of Cook County on August 26, 1966. Subsequently, defendant filed its appearance, jury demand, answer, counterclaim and amendment to answer, and plaintiff filed its answer to the counterclaim.

Due to a change in the limits of the ad damnum amount of the law division and the municipal department of the circuit court, the case was transferred to the municipal department on August 31, 1970, without notice to either party.

The matter came up on the trial call of the municipal department on July 1, 1971, and was continued to August 16, 1971. On August 16, 1971, the defendant not appearing, judgment for the amount prayed for in the complaint was entered by the court.

On November 16, 1971, this matter came before the court below on the verified petition of the defendant to vacate the ex parte judgment previously entered. Defendant's petition to vacate the judgment alleged, in pertinent part, that the instant matter was transferred from the law division to the municipal department without notice to the defendant or its counsel and that the defendant in fact had no notice of the transfer of the case, the new trial date, or the judgment until served with an execution. The petition further alleged a defense to the action and prayed that the matter be set for trial.

Plaintiff entered a special appearance on November 16, 1971, contesting the jurisdiction of the court to vacate the judgment under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, § 72). Plaintiff alleged that notice was not properly served upon it in accordance with the rules of the Illinois Supreme Court. Ill. Rev. Stat. 1971, ch. 110A, §§ 105, 106.

On November 16, 1971, the court continued until December 14, 1971, defendant's petition to vacate as well as the hearing on plaintiff's special appearance. Defendant sent a notice of motion together with its petition to vacate to Bernard Borisof, president and registered agent of the plaintiff, informing him of the December 14, 1971, hearing on the petition to vacate. The petition contained a proof of service by the attorney reciting service by registered mail upon the person to whom it was directed.

On December 14, 1971, the defendant again presented its petition to vacate together with its notice to the agent of plaintiff. Neither the plaintiff nor its attorney appeared at this hearing. The court, after hear-

ing the nature of the notice and the method of service upon plaintiff, granted defendant's petition, vacated the judgment previously entered, and set the matter for trial.

On January 12, 1972, plaintiff filed a notice of appeal from the order of December 14, 1971, vacating the judgment previously entered. On January 24, 1972, the case came up for trial. Plaintiff did not appear, and its complaint was dismissed for want of prosecution.

On appeal, plaintiff contends that the trial court lacked jurisdiction to vacate the judgment previously entered because the defendant failed to comply with the notice requirements of section 72 and the related Illinois Supreme Court Rules. Plaintiff also appeals from the order dismissing its suit for want of prosecution.

■■ It is well established that a trial court does not possess jurisdiction over either the parties or the subject matter so as to permit it to review and modify its own order or judgment after the expiration of 30 days from the rendition of judgment. (*Stevens v. City of Chicago* (1970), 119 Ill.App.2d 366, 371, 256 N.E.2d 56, 58; *Patts v. Rogers* (1962), 38 Ill.App.2d 306, 187 N.E.2d 285; *Brockmeyer v. Duncan* (1960), 18 Ill.2d 502, 505, 165 N.E.2d 294, 196.) Such jurisdiction may be revested in the lower court, however, through the presentation of a petition under section 72 of the Civil Practice Act. *Stevens v. City of Chicago* (1970), 119 Ill.App.2d 366, 371, 256 N.E.2d 56, 58; *Martin v. Masini* (1967), 90 Ill.App.2d 348, 355, 232 N.E.2d 770, 773.

Section 72, in pertinent part, provides:

"The petition must be filed in the same proceeding in which the order, judgment or decree was entered but is not a continuation thereof. * * * All parties to the petition shall be notified as provided by rule." Ill. Rev. Stat. 1971, ch. 110, § 72(2).

The rule referred to in the above section is Supreme Court Rule 106, which states:

"Notice of the filing of a petition under section 72 of the Civil Practice Act for relief from a final judgment after 30 days from the entry thereof shall be given by the same methods provided in Rule 105 for the giving of notice of additional relief to parties in default." Ill. Rev. Stat. 1971, ch. 110A, § 106.

Rule 105 in turn provides for the service of such notice by any of three alternative methods, including:

"(2) By prepaid registered mail addressed to the party, return receipt requested, delivery limited to addressee only. Service is not complete until the notice is received by the defendant, and the registry receipt is prima facie evidence thereof." Ill. Rev. Stat. 1971, ch. 110A, § 105.

Appellant argues that the notice of motion sent by defendant prior to the December 14, 1971, hearing was improper under section 72 and Supreme Court Rules 105 and 106. It alleges that the defendant failed to comply with each and every requirement of the Rules and attacks the notice on the grounds that it does not identify the status of Bernard Borisof, the form of service does not appear, and the postal return receipt was not appended to and filed with the notice. In our opinion, these objections in effect are directed to the proof of service as evidenced by the return of service rather than to the notice itself or the means of service under the rules.

The basic requirement of section 72 and the related Supreme Court Rules is that the party in whose favor a judgment sought to be vacated is entered receive notice. In *Threlfall v. Threlfall* (1969), 119 Ill.App.2d 276, 281, 256 N.E.2d 162, 164, this court stated:

> "The Joint Committee Comments to section 72 state that while the petition is not a continuation of the prior proceeding new process need not issue. Notice, which is all the statute specifically requires, is therefore all that is necessary."

■■ In the instant case, there can be no doubt that the plaintiff had actual notice of defendant's petition to vacate and the hearing on December 14, 1971. Plaintiff's attorney was present in court on November 16, 1971, when the motion to vacate was set for hearing on December 14, 1971. Defendant sent a notice of motion and its petition to vacate to plaintiff's registered agent, informing him of the December 14, 1971, hearing. The trial court, after hearing the nature of the notice given plaintiff, granted defendant's petition for relief under section 72. We agree with its ruling that plaintiff had sufficient notice to satisfy the requirements of that section.

Plaintiff elected to stand on his special appearance and did not attend the hearing on December 14, 1971, even though the very issue raised by plaintiff's special appearance was also the subject of the court's hearing on that date. Special appearances are governed by section 20 of the Civil Practice Act. (Ill. Rev. Stat. 1971, ch. 110, § 20), which provides:

> "(1) Prior to filing any other pleading or motion, a special appearance may be made either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person of the defendant. A special appearance may be made as to an entire proceeding or as to any cause of action involved therein. Every appearance, prior to judgment, not in compliance with the foregoing is a general appearance.
>
> (2) If the reasons for objection are not apparent from the

papers on file in the case, the special appearance shall be supported by affidavit setting forth the reasons. In ruling upon the objection, the court shall consider all matters apparent from the papers on file in the case, affidavits submitted by any party, and any evidence adduced upon disputed issues of fact. No determination of any issue of fact in connection with the objection is a determination of the merits of the case or any aspect thereof. A decision adverse to the objector does not preclude him from making any motion or defense which he might otherwise have made."

In the instant case, it is clear that plaintiff was not surprised or prejudiced by the vacating of the judgment. Plaintiff had full opportunity to argue against defendant's petition and to present its objections to the method of service. The policy underlying vacating of default judgments was set forth by the court in *Widicus v. Southwestern Electric Cooperative* (1960), 26 Ill.App.2d 102, 108, 167 N.E.2d 799, 803:

"The question of whether or not a court should set aside a default should be so resolved as to do substantial justice between the parties and with the idea in mind of carrying out, insofar as it is possible, the determination of matters upon their merits. In resolving this problem, a court may well consider whether or not a defendant has a meritorious defense, and whether or not defendant's delay in responding to the court's command actually jeopardizes plaintiff's basic position. But this should not be the only, nor necessarily, the determining factors. It seems to us that the overriding reason should be whether or not justice is being done. Justice will not be done if hurried defaults are allowed any more than if continuing delays are permitted. But justice might, at times, require a default or a delay. What is just and proper must be determined by the facts of each case, not by a hard and fast rule applicable to all situations regardless of the outcome.

The entering of a default is one of the most drastic actions a court may take to punish for disobedience to its commands. The court has other powers which are ample in most instances. In our judgment, a default should only be condoned when, as a last resort, it is necessary to give the plaintiff his just demand. It should be set aside when it will not cause a hardship upon the plaintiff to go to trial on the merits."

In view of the foregoing, we hold that the trial court was correct in finding it had jurisdiction and in vacating the judgment previously entered.

However, we do not agree that the plaintiff's cause of action should be dismissed for want of prosecution, inasmuch as plaintiff had filed a notice of appeal when that order was entered. Accordingly, the trial court's order vacating the judgment is affirmed and the order dismissing the plaintiff's cause of action for want of prosecution is reversed.

Affirmed in part, reversed in part.

DIERINGER and BURMAN, JJ., concur.