JOHNNY E. CUERTON, Plaintiff-Appellant, v. AMERICAN HOSPITAL SUPPLY CORPORATION *et al.*, Defendants (Ahmed Nagib, M.D., Defendant-Appellee).

Second District   No. 2—83—0870

Opinion filed August 15, 1985.

G. Douglas Grimes, of Stone & Grimes, of Waukegan, for appellant.

Louis W. Brydges and James J. Babowice, both of Brydges, Riseborough, Morris, Franke & Miller, of Waukegan, for appellee.

JUSTICE HOPF delivered the opinion of the court:

On July 16, 1981, plaintiff, Johnny E. Cuerton, filed a complaint based on products liability and negligence against American Hospital Supply Corporation and American-V. Mueller Company and McHenry Hospital for injuries sustained from surgery performed on February

12, 1980. Plaintiff's complaint against McHenry Hospital for product liability was dismissed with prejudice, and the negligence claim was stricken. American Hospital Supply Corporation's motion to dismiss was granted.

Plaintiff was granted leave to file an amended complaint. In that complaint, filed February 10, 1982, defendant, Ahmed Nagib, M.D., was named respondent in discovery. On March 31, 1983, plaintiff filed a second amended complaint which, *inter alia*, added Ahmed Nagib, M.D., as a party defendant. Nagib filed a 2—619 motion to dismiss (Ill. Rev. Stat. 1983, ch. 110, par. 2—619) with prejudice count V, charging him with negligence, of the second-amended complaint on the basis of section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—212), claiming that the statute of limitations barred the action. The court granted Nagib's motion to dismiss and subsequently denied plaintiff's motion for reconsideration.

Plaintiff appeals, contending that the trial court erred in dismissing plaintiff's complaint because defendant's motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619) was not supported by affidavit and that plaintiff's claim against defendant was not barred by the statute of limitations.

In count V of plaintiff's second amended complaint, plaintiff asserted that defendant, who furnished medical services to plaintiff for a condition known as communicating hydrocephalus, was negligent in one or more respects: (1) failing to perform surgery on February 12, 1980, in a sanitary condition; and/or (2) failing to select appropriate and adequate medical products, particularly those used February 12, 1980, and May 15, 1980. As a result of these acts or omissions, plaintiff alleged he suffered bodily injury when (1) the surgery of February 12, 1980, resulting in the development of peritonitis and paralytic ileus, requiring further medical and surgical services during plaintiff's initial hospitalization; (2) products placed in his body during the prior surgery required plaintiff's hospitalization on two more occasions, April 1 through 13 and May 4 through 30, 1980; and, (3) on September 22, 1982, a second shunt placed in plaintiff's head by defendant on May 15, 1980, ceased functioning, causing plaintiff to become comatose and, after regaining consciousness, quadriplegic.

Defendant filed a section 2—619 motion to dismiss count V (Ill. Rev. Stat. 1983, ch. 110, par. 2—619)on the basis of section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—212). Attached to the motion was a letter from plaintiff's counsel to defendant, dated June 6, 1980, which stated, in relevant part:

"We are advised that Mr. Cuerton underwent surgery in February, 1980 at McHenry Hospital, and suffered an infection which, according to his mother, Mrs. Georgia Terry, apparently resulted from a contaminated tube \*\*\*.

From the hospital reports, it appears that Mr. Cuerton suffered a prolonged fever and other effects from the infection for sometime, and that the February surgery had to be replicated in April. \*\*\* We would appreciate your report regarding the defective product and its medical consequences upon Mr. Cuerton."

On July 18, 1983, the trial court granted defendant's motion to dismiss finding that "plaintiff knew or reasonably should have known of his injury and also knew or reasonably should have known that it was wrongfully caused by the defendant, Ahmed Nagib, M.D., within two years of June 6, 1980." Thus, plaintiff's action against defendant which was filed on March 31, 1983, was barred by the statute of limitations. Ill. Rev. Stat. 1983, ch. 110, par. 13—212.

Plaintiff subsequently filed motions to reconsider that order, and for leave to file an amended count V. Plaintiff specified that the trial court's order was erroneous as to the September 22, 1982, injury complained of in plaintiff's second amended complaint, since that injury did not occur until that date, and thus, as to that injury, plaintiff's claim was timely filed. The court denied both motions, and this appeal follows.

Plaintiff first contends that because the grounds for defendant's section 2—619 motion to dismiss (Ill. Rev. Stat. 1983, ch. 110, par. 2—619) did not appear on the face of plaintiff's complaint, defendant's failure to accompany the motion with supporting affidavits rendered the motion improper and inadequate. On the other hand, defendant argues in response that since plaintiff raises this procedural objection for the first time on appeal, it is waived.

■■ Restating the general rule, this court has recently held that a party desiring to preserve a question for review must make appropriate objections in the court below and failure to do so constitutes a waiver. (*Hargrove v. Gerill Corp.* (1984), 124 Ill. App. 3d 924, 929, 464 N.E.2d 1226.) In particular, failure to object at any time before the trial court to the form or substance of a motion to dismiss bars an appellant from raising that issue for the first time on appeal. (124 Ill. App. 3d 924, 929, 464 N.E.2d 1226.) This rule has been held applicable in situations where a party failed to object at the proper time or in the proper manner to the absence of an affidavit supporting the motion. *Buchalo v. Country Mutual Insurance Co.* (1980), 83 Ill. App.

3d 1040, 1045, 404 N.E.2d 473; *Crowe v. Public Building Com.* (1977), 54 Ill. App. 3d 699, 701-02, 370 N.E.2d 32; *In re Leyden Fire Protection District* (1972), 4 Ill. App. 3d 273, 275, 280 N.E.2d 744.

■ Plaintiff maintains that defendant's waiver contention is misplaced because plaintiff did in fact object to the sufficiency of the motion to dismiss in his response thereto. However, plaintiff's response cannot be found in the record submitted to this court, and, therefore, this court cannot consider its contents on review. Additionally, plaintiff did not raise this procedural objection to defendant's motion to dismiss in his motion to reconsider the trial court's order of dismissal. Accordingly, we conclude that plaintiff has waived any procedural objection at this time.

■ Plaintiff further contends, however, that defendant's waiver argument lacks merit, since defendant's motion to dismiss was brought pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619), which requires that the motion be supported by affidavit if the grounds for the dismissal do not appear on the face of the complaint. It is plaintiff's position that the grounds for defendant's motion are not present on the face of plaintiff's complaint and, thus, defendant's motion must fail based on the absence of supporting affidavit. We do not agree.

An examination of defendant's motion to dismiss shows that it was brought pursuant to section 2—619(a)(5) (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(5)), alleging that the action was not commenced within the time limited by law as set forth in section 13—212 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 13—212), which states:

> "No action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death except as provided in Section 13—215 of this Act."

It has been held that the statute of limitations set forth in section 13—212 starts to run when a person knows or reasonably should

know of his injury and also knows or reasonably should know that it was wrongfully caused. (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156, 421 N.E.2d 869.) An examination of count V of plaintiff's complaint shows that plaintiff alleged that defendant was negligent in his failure to perform surgery in adherence to the proper standard of care on February 12, 1980, and May 15, 1980. Plaintiff then alleges "injury" following the February 12, 1980, surgery requiring intermittent hospitalization through May 30, 1980. Plaintiff further alleges that on September 22, 1982, the shunt placed in plaintiff's head on May 15, 1980, ceased functioning causing plaintiff to be rendered a quadriplegic. We note that defendant's motion to dismiss refers only to the specific acts of alleged negligence occurring on February 12, 1980.

Nowhere does plaintiff's complaint allege a discovery date for the 1980 injuries which would postpone the running of the period of limitations relating to these injuries beyond 1980. In the absence of such an allegation, any lawsuit based upon acts of negligence occurring in 1980 was time barred, since plaintiff's complaint against defendant was not filed until March 1983, thereby exceeding the two-year period allowed. It has been held that where a plaintiff alleges no date of discovery the statute is presumed to run from the date of injury. (*Kaufman v. Taub* (1980), 87 Ill. App. 3d 134, 140, 410 N.E.2d 114.) Since the grounds upon which defendant based his motion were evident from the fact of the complaint, *i.e.*, that plaintiff's action relating to the 1980 injuries was not commenced within the time limited by law, no affidavit was required to support defendant's motion to dismiss pursuant to section 2—619, and, thus, defendant's motion was proper.

■■ ■ Having determined that defendant's motion to dismiss was not improper, we next address plaintiff's contention that his claim against defendant was not barred by the statute of limitations. The statute of limitations is an affirmative defense, and the burden of proving it rests upon the party pleading it. (*Stanley v. Chastek* (1962), 34 Ill. App. 2d 220, 230, 180 N.E.2d 512.) However, when a defendant raises the statute in a motion to dismiss, it becomes incumbent upon the plaintiff to set forth facts sufficient to avoid the statute. (*Sommer v. United Savings Life Insurance Co.* (1984), 128 Ill. App. 3d 808, 819, 471 N.E.2d 606.) Defendant's motion to dismiss makes reference only to the specific act of negligence alleged to have occurred on February 12, 1980, the date of plaintiff's first surgery. Plaintiff's motion to reconsider makes reference only to September 22, 1982, the date that the second shunt placed in plaintiff's head by defendant ceased functioning. The surgical procedure placing this shunt occurred on

May 15, 1980. Plaintiff's contention is that the suit filed on March 31, 1983, was timely filed *as to this injury, i.e.*, the malfunctioning of the second shunt. We conclude from this contention that plaintiff found no fault with the trial court's order finding the action time barred as to the February 1980 negligence and the physical injuries resulting therefrom, since there is no evidence in the record that plaintiff alleged necessary facts to defeat defendant's affirmative defense regarding these claims, pursuant to section 13—212. Therefore, we determine that any argument by plaintiff on appeal as to the time of discovery of the alleged February 1980 negligence is waived.

■ Even if the issue of the February 1980 injuries was not considered waived, however, we are of the opinion that pursuant to the standard enunciated in *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869, defendant's submission of plaintiff's June 6, 1980, letter was sufficient to sustain defendant's motion to dismiss as to the physical injuries allegedly sustained by plaintiff immediately after February 12, 1980. Plaintiff interprets *Witherell* to hold that a cause of action accrues when the plaintiff knows of the physical injury and its wrongful cause, implying that knowledge of the actual cause, *i.e.*, defendant's negligence in the instant case, is required as opposed to only general knowledge of wrongful causation. The Illinois Supreme Court in *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 415, 430 N.E.2d 976, discussed *Witherell* and interpreted its holding to mean that plaintiff need not have knowledge of defendant's negligent conduct before the statute is triggered. The court emphasized that the term "wrongfully caused" must be viewed as a general term not connoting knowledge of negligent conduct or the existence of a cause of action. (88 Ill. 2d 407, 416, 430 N.E.2d 976.) It is at that point that an injured person is required to inquire further as to a cause of action. (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156, 421 N.E.2d 869.) Therefore, in addition to our primary conclusion regarding waiver of the issue of the 1980 injuries, we consider plaintiff's letter of June 6, 1980, as conclusive of plaintiff's knowledge that his injuries were "wrongfully caused," thereby satisfying the *Witherell* standard and time barring plaintiff's claim against defendant as to the physical injuries sustained from the February 1980 surgery.

Plaintiff further points out, however, that the *Witherell* court did not specifically consider the question of whether the time of knowledge that an injury was wrongfully caused by one person would be deemed the time of knowledge for all other potential defendants, for purposes of the statute of limitations. He points to the fact that the June 6, 1980, letter reflects inquiry concerning only the products used

in the surgery. Nevertheless, the *Witherell* court's explicit designation that the burden rests upon the injured person to inquire further as to the existence of a cause of action appears to encompass all potential defendants, absent special circumstances.

In the present case plaintiff does cite one such special circumstance. Plaintiff points out that because he relied on the acts and statements of the defendant, who was in a fiduciary relationship to plaintiff, that someone else was at fault, defendant may be equitably estopped from asserting the defense of the statute of limitations. Initially, we reject this argument for having impermissibly been raised for the first time on appeal. (*Anderson v. Sutter* (1983), 119 Ill. App. 3d 1070, 1073, 458 N.E.2d 39.) Although plaintiff's argument is supported by authority (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 159, 421 N.E.2d 869), to invoke the doctrine of equitable estoppel plaintiff must allege facts that show he reasonably relied on defendant's conduct or representation in forbearing suit. (85 Ill. 2d 146, 159, 421 N.E.2d 869.) Therefore, the question presented is whether plaintiff's complaint, motion to reconsider, and motion for leave to file an amended count V stated facts showing that he failed to bring suit in reliance on defendant's conduct. Our examination of the record reveals no such facts, and we conclude that plaintiff's argument that defendant should be equitably estopped from asserting the statute of limitations defense as to the February 1980 injuries must be rejected.

Lastly, plaintiff characterizes the physical injury of being rendered a quadriplegic on September 22, 1982, due to the failure of the second shunt surgically inserted by defendant on May 15, 1980, to be a separate and distinct injury from that attributed to the initial surgery of February 12, 1980. Since plaintiff was not aware that he would become a quadriplegic until September 22, 1982, he claims that until that date he could not be said to have "discovered" that he had been injured and that the injury had been wrongfully caused. For this reason, plaintiff argues that the letter written June 6, 1980, submitted by defendant with his motion to dismiss would be unrelated to the quadriplegia occurring September 22, 1982. Consequently, plaintiff claims that his complaint was timely filed as to this injury and that the trial court erred in dismissing it as time barred. Plaintiff supports this argument with medical data indicating that the injuries of which he complained initially, prompting the June 6, 1980, letter, were abdominal in nature whereas the September 22, 1982, injury was a brain injury.

Defendant argues that plaintiff did not incur a "new injury" on September 22, 1982, but simply consequential damages which flowed

from the alleged breach of duty by defendant in 1980 and, therefore, no new cause of action accrued. Defendant appears to see the only controlling date triggering the running of the statute as that of the alleged act of negligence, namely, when the shunt in question was inserted.

Our research reveals that in all of the relevant malpractice cases knowledge of physical injury preceded or was concurrent with knowledge of alleged negligent conduct. This case presents the novel question of whether prior knowledge of negligent conduct which resulted in one type of physical manifestation of injury precludes the running of a separate two-year period when physical manifestation of another type of injury is discovered at a later date, but whose origin relates to the time of negligent conduct alleged earlier. It cannot be denied that no amount of diligent investigation of the circumstances at the time of the letter of June 6, 1980, would have revealed the particular breach of duty which ultimately led to plaintiff's quadriplegia.

■■ In *Roper v. Markle* (1978), 59 Ill. App. 3d 706, 710, 375 N.E.2d 934, the court reasoned that the phrase "learned of the injury" as used in *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 262 N.E.2d 450, was intended to express the concurrence of the actual or constructive knowledge of both the physical problem and the possibility that someone was at fault for its existence. In most cases, this is a disputed question to be resolved by the trier of fact. (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156, 421 N.E.2d 869.) In the present case, although plaintiff knew or should have known of the possibility of the alleged wrongful conduct of defendant relating to the 1980 surgeries, the concurrence of this knowledge with that of the physical problem of quadriplegia did not occur until the shunt ceased functioning. Therefore, because of the different nature of this problem, together with the time of its manifestation, it cannot be said that for discovery purposes the brain injury could be considered as consequential damage from the prior injury or alleged act of negligence occurring in 1980. For this reason we view the present case as if it involves two separate cases. Those claims relating to physical injury apparent at the time of the June 6, 1980, letter were rightfully barred by the statute of limitations for the reasons stated earlier. However, that part of the complaint relating to the physical manifestation of quadriplegia was not time barred, and plaintiff should have been allowed to amend his complaint accordingly.

For the reasons stated, we affirm that portion of the order of the circuit court of Lake County granting defendant's motion to dismiss as to the physical injuries sustained in 1980 as a result of the Febru-

ary 12, 1980, alleged negligence and reverse that part dealing with the alleged injury discovered September 22, 1982. Additionally, we reverse the trial court's order denying plaintiff's motion to amend count V of his second amended complaint.

Accordingly, this matter is remanded for proceedings in compliance with this opinion.

Affirmed in part; reversed in part; and remanded.

NASH, P.J., and LINDBERG, J., concur.