JANET DAVIES, Plaintiff-Appellant, v. MARTEL LABORATORY SERVICES, INC., Defendant-Appellee.

First District (5th Division)   No. 85—3233

Opinion filed June 26, 1987.—Rehearing denied July 30, 1987.

SULLIVAN, P.J., dissenting.

Joseph J. Spingola, of Joseph J. Spingola, Ltd., of Chicago, for appellant.

Michael T. Roumell, of McDermott, Will & Emery, of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

This appeal arises from an order entered by the circuit court of Cook County on October 15, 1985, dismissing both counts of plaintiff's complaint. Plaintiff only appeals the dismissal of count I, which alleges a breach of a contract of permanent employment.

The sole contention before us is that the circuit court erred in finding that the plaintiff's pleadings failed to establish consideration for a contract of permanent employment.

We dismiss this appeal for lack of jurisdiction.

Pertinent to our disposition are the following facts. Plaintiff was employed by defendant in April 1980. In February 1983 defendant's president orally promised to make her a vice-president if she would obtain an MBA degree. And, at that time she was told that she was a "permanent employee." On March 1, 1983, plaintiff was appointed to defendant's "President Council." In September 1983 she began an executive MBA program and defendant paid one-half of her tuition. Plaintiff was terminated by defendant on October 12, 1984, without cause or reason.

Defendant filed a motion to dismiss counts I and II of plaintiff's complaint pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615) for failure to state a cause of action. Alternatively, defendant sought dismissal of count I pursuant to

section 2—619 of the Code (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), alleging the Statute of Frauds (Ill. Rev. Stat. 1985, ch. 59, par. 1) rendered the oral contract unenforceable. The section 2—619 motion was unsupported by affidavit and asked the circuit court to take judicial notice of the proposition that it takes longer than one year to obtain an MBA. Judicial notice was not taken and the section 2—619 motion was implicitly denied when the section 2—615 motion was granted as to both counts. The trial court held that count I failed to state a cause of action for lack of consideration because plaintiff suffered no detriment such as would create an enforceable contract of permanent employment. Plaintiff appeals the decision of the lower court with respect to count I only.

OPINION

■ A motion to dismiss accepts as true all well-pleaded facts and should be granted only where it clearly appears that no set of facts can be proved which will entitle plaintiff to recover. (*Willard v. Northwest National Bank* (1985), 137 Ill. App. 3d 255, 484 N.E.2d 823.) In reviewing such motions we must construe pleadings liberally to see that substantial justice is done between the parties. *People ex rel. Scott v. College Hills Corp.* (1982), 91 Ill. 2d 138, 435 N.E.2d 463.

Here, the trial court found that both counts I and II failed to state a cause of action. After that finding was entered plaintiff's counsel asked if that order would be with prejudice. The court responded:

"THE COURT: Well, those words are superfluous. There are no other parties present in the complaint.

\* \* \*

No other [d]efendants. The suit is dismissed, period. That is final in its terms \* \* \*."

There was no finding that plaintiff could never state a cause of action for breach of contract but only that the present complaint was insufficient.

■■ ■ The court below was in error. An order striking the complaint does not end the case and is not appealable. (*Heiden v. Tambone* (1955), 6 Ill. App. 2d 325, 127 N.E.2d 499.) Under section 2—615 amendments may be allowed on just and reasonable terms, giving plaintiff further opportunity to state a cause of action. (See *Fanning v. Lemay* (1966), 78 Ill. App. 2d 166, 222 N.E.2d 815, *reversed as to other counts in an opinion not addressing this issue* (1967), 38 Ill. 2d 209, 230 N.E.2d 182.) Leave to amend should be granted unless it is apparent that even after amendment no cause of action can be stated. (*Novak v. A. Rathnam* (1987), 153 Ill. App. 3d 408, 505 N.E.2d 773.)

Pleadings are not intended to erect barriers to a trial on the merits but instead to remove them and facilitate trial. (*Barrows v. Northwestern Memorial Hospital* (1987), 153 Ill. App. 3d 83, 505 N.E.2d 1182.) The object of pleadings is to produce an issue that one side asserts and the other side denies, so that a trial may determine the actual truth. (*People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 430 N.E.2d 1005.) Attacking defects in pleadings gives the complainant the opportunity to attempt to cure them before trial.

In the recent case of *Goldstein v. Lustig* (1987), 154 Ill. App. 3d 595, 507 N.E.2d 164, the court held that the trial court did not err in dismissing plaintiff's complaint with prejudice. However, *Goldstein* is clearly distinguishable from the facts at bar. There plaintiff failed to file a transcript of proceedings with the appellate court. Also, plaintiff affirmatively elected to stand on his original complaint by tendering a copy of that complaint to the trial court after the dismissal. The facts at bar, on the other hand, indicate that the trial judge found the dismissal to be final because it dismissed the complaint and thereby precluded plaintiff from seeking leave to amend her complaint.

■ Even if we were to accept the line of authority that holds if the substance of the order results in termination of the litigation and finally disposes of the parties' right, then the order is final and appealable regardless of the form of the order (*O'Fallen Development Co. v. City of O'Fallen* (1976), 43 Ill. App. 3d 348, 356 N.E.2d 1293; *Pratt v. Baker* (1967), 79 Ill. App. 2d 479, 223 N.E.2d 865), as we noted in *Ben Kozloff, Inc. v. Leahy* (1986), 149 Ill. App. 3d 504, 501 N.E.2d 238, there is no justification for the finding that the dismissal at bar is a final order. The trial judge merely found that the complaint was insufficient at the time of the hearing. We cannot begin to speculate as to what additional facts plaintiff may allege in an amended complaint in order to substantiate her claim for breach of contract. An order must in substance adjudicate the rights of the parties and terminate the litigation to be final and appealable. *Myers v. Myers* (1977), 51 Ill. App. 3d 830, 366 N.E.2d 1114.

■ Here, we find that the trial court has abused its discretion because it appears the transcript of proceedings of October 15, 1985, is absent of any indication that the trial judge found, as a matter of law, that the plaintiff could never state a cause of action for breach of contract. He merely stated that the granting of the motion itself was a final order. As stated earlier, this is clearly erroneous. (*Heiden v. Tambone* (1955), 6 Ill. App. 2d 325, 127 N.E.2d 449.) The purpose of section 2—615 is to give the plaintiff an opportunity to respond to the objection and to cure the defect in the trial court. (*Michigan Avenue Na-*

*tional Bank v. State Farm Insurance* (1980), 83 Ill. App. 3d 507, 404 N.E. 2d 426.) Consequently, in order to avoid grave injustice plaintiff must be afforded the opportunity to amend her complaint as to count I.

For the reasons stated above we dismiss this appeal for lack of jurisdiction.

Appeal dismissed.

PINCHAM, J., concurs.

PRESIDING JUSTICE SULLIVAN, dissenting:

I disagree with the dismissal of this appeal by the majority for lack of jurisdiction. The majority finds no jurisdiction because "[a]n order striking the complaint does not end the case and is not appealable." (157 Ill. App. 3d at 688.) It is noted, however, that the order appealed from does not strike the complaint. Rather it states that, "Count I is dismissed for failure to state a cause of action under Section 2—615 for lack of consideration since plaintiff suffered no detriment to creating an enforceable contract of permanent employment." The order also dismissed count II of the two-count complaint for failure to state a cause of action but plaintiffs have appealed only the dismissal of count I. Nowhere in the order or in the record does it appear that plaintiff asked for or was denied leave to file an amended complaint.

A dismissal of an action where, as here, there is no right given to file an amended complaint and no request made by the plaintiff for leave to do so is a final and appealable order. (*Bates v. Ulrich* (1976), 38 Ill. App. 3d 203, 204, 347 N.E.2d 286.) Because there were no other parties or claims pending at the time the order was entered, the Rule 304 special finding was not required (87 Ill. 2d R. 304), and upon the filing of the notice of appeal this court acquired jurisdiction.

Although the majority dismissed this appeal for lack of jurisdiction, it nevertheless exercised jurisdiction in making a finding that the trial court erred in not allowing plaintiff to amend her complaint. However, because this court has jurisdiction I would also point out my disagreement with this finding of the majority. The majority does not and cannot explain how the trial court could have erred "in not allowing plaintiff leave to amend her complaint" when (a) nowhere in the record is there any indication that she made a motion or request, oral or in writing, for leave to file an amended complaint, and (b) she makes no contention here that she was denied leave to do so.