ROSE GOULD, Plaintiff-Appellant, v. SACHNOFF & WEAVER, LTD., *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—91—1017

Opinion filed December 23, 1992.

---

Howard F. Davis, of Chicago, for appellant.

Marvin A. Tenenbaum, of Tenenbaum & Senderowitz, of Chicago, for appellees.

JUSTICE McMORROW[1] delivered the opinion of the court:

Plaintiff Rose Gould (plaintiff) filed suit against Sachnoff & Weaver, Ltd., and Jeffrey Rubenstein (hereinafter collectively the defendants) for legal malpractice with respect to plaintiff's investment in a partnership allegedly recommended by defendants. According to plaintiff's complaint, the Internal Revenue Service determined that certain adjustments to income relating to the partnership, which had been declared by plaintiff on Federal income tax returns at the defendants' suggestion, did not qualify for such adjustments. The Internal Revenue Service assessed certain sums against plaintiff for past-due tax liability, including interest, which plaintiff ultimately remitted to the Internal Revenue Service. Plaintiff's legal malpractice suit alleged that defendants had given plaintiff erroneous advice regarding the investment, its tax conse-

---

[1]Justice McMorrow participated in the disposition of this case prior to her becoming a member of the supreme court of Illinois.

quences, and the consequences of settling the matter with the Internal Revenue Service. Plaintiff also alleged that defendants negligently failed to reveal to plaintiff that defendants held a proprietary interest in the partnership.

Defendants filed a motion to dismiss plaintiff's complaint on the ground that it was barred by the applicable statute of limitations. The trial court granted the defendants' motion to dismiss and plaintiff appeals. We conclude that the record does not establish, as a matter of law, that plaintiff's complaint was filed after the expiration of the statute of limitations. We further determine that plaintiff's legal malpractice suit is not barred by the doctrine of *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 435 N.E.2d 443. Accordingly, we reverse and remand for further proceedings.

Plaintiff's complaint against defendants made the following pertinent allegations. Plaintiff and her late husband allegedly engaged defendants as their counsel in 1974, and defendants recommended that plaintiff invest $20,000 in a partnership named "Amber Manor Apartments," as a tax shelter to defer Federal income tax. Plaintiff alleged that she and her husband filed joint tax returns for the years of 1974 and 1975 and claimed certain adjustments to income based upon their interest in Amber Manor Apartments.

Plaintiff alleged that the Amber Manor Apartments investment was subsequently investigated by the Internal Revenue Service (hereinafter the IRS), thereby causing an audit of the 1974 and 1975 Federal income tax returns filed by plaintiff and her husband. As a result of the audit, the IRS allegedly issued a notice of deficiency to plaintiff and her husband on March 18, 1982.

Plaintiff alleged in her complaint that based upon the advice of defendants, plaintiff and her husband filed a petition in the Tax Court of the United States for a redetermination of the deficiency that had been issued on March 18, 1982. According to plaintiff's complaint, the defendants and the IRS negotiated a settlement of the matter in 1988, wherein it was agreed that plaintiff would pay an increase in tax in the amount of $10,290.19 for the 1974 tax year and $367.25 for the 1975 tax year.

Plaintiff alleged that on approximately June 15, 1989, plaintiff received from the IRS a notice of change to her account. The notice stated that plaintiff owed interest in the sum of $24,460.44 for the 1974 tax year and interest in the amount of $367.25 for the 1975 tax year. Plaintiff alleged that she paid these amounts.

On January 9, 1990, plaintiff filed her legal malpractice suit against defendants. She alleged that defendants had not properly advised her and her late husband of the tax consequences of the investment in the Amber Manor Apartments, and that defendants had given plaintiff and her late husband incorrect advice regarding the consequences of their settlement with the IRS upon receipt of the notice of deficiency in 1982. Plaintiff also alleged that defendants had negligently failed to disclose the defendants' proprietary interest in Amber Manor Apartments. Plaintiff requested damages in the amount of $55,279.88, *i.e.*, her initial investment ($20,000) plus accrued interest liability she had paid ($35,279.88).

The defendants responded to plaintiff's pleading with a motion to dismiss the complaint because it had not been filed within the applicable five-year statute of limitations. (Ill. Rev. Stat. 1989, ch. 110, par. 13—205 (five-year statute of limitations); Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(5) (motion to dismiss for failure to file suit within applicable statute of limitations).) Following briefing and a hearing, the trial court allowed defendants' motion and dismissed plaintiff's complaint with prejudice. Plaintiff appeals.

■ At the time of its filing, plaintiff's pleading was governed by a five-year statute of limitations. (See Ill. Rev. Stat. 1989, ch. 110, par. 13—205.) Plaintiff and the defendant agree that the discovery rule applies to the five-year statute of limitations governing plaintiff's legal malpractice claims. (See, *e.g.*, *Superior Bank F S B v. Golding* (1992), 152 Ill. 2d 480.) Under the discovery rule, the statute of limitations begins to run when the plaintiff knew, or in the exercise of reasonable diligence should have known, that the defendant committed a tortious act. (*Superior Bank F S B*, 152 Ill. 2d at 488-89; *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 170-71, 421 N.E.2d 864; see also *Belden v. Emmerman* (1990), 203 Ill. App. 3d 265, 560 N.E.2d 1180.) This question is generally a factual issue, although its disposition as a matter of law is appropriate where the facts are not contradicted and establish that the movant is entitled to summary adjudication of the question. See *Superior Bank F S B*, 152 Ill. 2d at 488-89; *Nolan*, 85 Ill. 2d at 170-71; *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156, 421 N.E.2d 869.

In the present case, the defendants argue that plaintiff did not file suit within five years of the date on which she knew, or reasonably should have known, of the defendants' alleged negligence in the legal advice they provided to plaintiff and her late husband. Plaintiff submits that she did not become aware of defendants' malpractice until after she received the 1989 IRS notice that she owed

additional interest for her 1974 and 1975 income tax returns. Specifically, according to plaintiff's complaint, defendants committed legal malpractice when they failed to inform plaintiff that additional interest would be owed even though plaintiff and her late husband were to settle with the IRS. Plaintiff also asserts that defendants were negligent because they failed to raise before the IRS or the Tax Court that the notice of deficiency issued by the IRS was time-barred, and because the defendants failed to advise plaintiff and her late husband that contesting the notice of deficiency "in other courts" would have eliminated the possibility that interest would be assessed. Plaintiff further contends that the defendants were negligent because they did not disclose the existence of defendants' proprietary interest in Amber Manor Apartments, in violation of the Code of Professional Responsibility. Lastly, plaintiff claims that defendants failed to advise that the purchase of Amber Manor Apartments as a tax shelter would be unacceptable by the IRS to offset Federal income taxation.

Defendants argue that plaintiff and her late husband were placed on notice in 1982, when the IRS issued its notice of deficiency, that the investment in Amber Manor Apartments did not satisfy the goal of purchasing a tax shelter for Federal income tax purposes. Defendants also assert that it was in 1982, upon the IRS's issuance of the notice of deficiency, that plaintiff and her late husband learned that they would have to pay interest with respect to their 1974 and 1975 Federal income tax returns.

To support this assertion, defendants point to the notice of deficiency sent from the IRS to plaintiff and her late husband. However, we have reviewed this document and do not find that it explicitly advises plaintiff or sufficiently puts her on notice that she would owe interest on her 1974 or 1975 Federal income taxes in the event that she filed suit or settled the matter with the IRS. Consequently, we cannot say, as a matter of law, that this document establishes that plaintiff was aware, or should have been aware, in 1982, that she would have to pay additional interest on her outstanding tax liability.

To further support their position, defendants also refer to documents written by defendants to plaintiff and her late husband. However, these documents are not included in the record on appeal and therefore do not support defendants' position.

⬛ In light of these considerations, we conclude that plaintiff's suit was not barred by the five-year statute of limitations. Plaintiff alleged that it was in 1989, when she received notice from the IRS

of the amount of interest that she had to pay, that plaintiff first learned that she would be required to pay interest with respect to her 1974 and 1975 Federal income taxes. Defendants have not presented evidence to show, as a matter of law, that plaintiff should have known at an earlier date that interest would also be due and owing for the 1974 and 1975 Federal tax years. Although plaintiff received the notice of deficiency from the IRS in 1982, we do not believe that this event, considered in isolation, is sufficient to establish as a matter of law that plaintiff should have realized, at that time, that defendants had been negligent in their advice regarding the Amber Manor Apartments as a Federal tax shelter. As a result, we find defendants' arguments inadequate ground to justify the trial court's dismissal of plaintiff's complaint for failure to file suit within the appropriate statute of limitations.

We also note that defendants have wholly failed to respond to plaintiff's allegation that defendants were negligent because they allegedly failed to advise plaintiff and her late husband that defendants held a proprietary interest in Amber Manor Apartments. Defendants present no evidence with regard to when plaintiff knew or should have known of the defendants' proprietary interest in the matter. As a result, the record does not establish that plaintiff's claim in this respect was filed beyond the five-year statute of limitations.

■ Defendants also contend that plaintiff's suit is barred by the *Moorman* doctrine. In *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 435 N.E.2d 443, the Illinois Supreme Court held that a plaintiff cannot recover solely economic damages in an action sounding in negligence, but is limited to recovery based upon breach of contract. (91 Ill. 2d at 86-88.) According to defendants, plaintiff's suit seeks damages for economic loss, which can only be recovered in contract, not tort.

The Illinois Supreme Court addressed this question in *Collins v. Reynard* (1992), 154 Ill. 2d 48, and held that *Moorman* does not extend to legal malpractice claims. (154 Ill. 2d at 52.) In light of this precedent, we conclude that plaintiff's legal malpractice suit against defendants is not barred by the *Moorman* doctrine.

Because we find that defendants have failed to establish as a matter of law that plaintiff's suit was barred by the statute of limitations, we need not and do not address plaintiff's argument that defendants should be equitably estopped from raising the statute of limitations defense as a bar to plaintiff's claims.

For the reasons stated, the order of the circuit court of Cook County is reversed and the cause remanded for further proceedings consistent herewith.

Reversed and remanded.

LINN,[2] and JOHNSON, JJ., concur.

---

[2]Justice Linn participated in the disposition of this case prior to his retirement.