JUDITH OGLE, Plaintiff-Appellant, v. WILLIAM HOTTO *et al.*, Defendants-Appellees.

Fifth District    No. 5—93—0060

Opinion filed June 30, 1995.

George R. Ripplinger, Jr., of Ripplinger, Dixon & Johnston, of Belleville, for appellant.

Hinshaw & Culbertson, of Chicago (D. Kendall Griffith and Adrienne I. Logan, of counsel), for appellees.

JUSTICE McLAUGHLIN delivered the opinion of the court:

This is an appeal from an adverse judgment entered against plaintiff, Judith Ogle, based upon the dismissal of her four-count complaint for having been filed outside of the applicable period of limitation. We reverse in part and affirm in part.

The relevant pleading is the second amended complaint. (The original complaint was filed May 15, 1991.) The second amended complaint was filed in four counts.

Count I alleged the negligence of defendants William Hotto (Hotto) and Hotto & Dusek (partnership) in the legal representation of plaintiff in a dissolution-of-marriage case. Count I further alleged that the negligence of these defendants "first became known to Plaintiff on or after June 15, 1987."

Count III, the alternative to count I, alleged a breach of contract by Hotto and the partnership arising out of the same operative facts alleged in count I but did not allege the date when plaintiff became aware of the "breach."

Count II of the second amended complaint alleged the negligence of defendants Hotto, Douglas Dusek (Dusek), and the partnership in failing to file a brief in this court concerning a certain cross-appeal filed by plaintiff. Like count I, count II alleged that the negligence of defendants "first became known to plaintiff on or after June 15, 1987."

Count IV, the alternative to count II, alleged a breach of contract by Hotto, Dusek, and the partnership arising out of the same operative facts alleged in count II but did not allege when plaintiff became aware of the "breach."

Defendants, plaintiff's former attorneys, filed their joint motion

to dismiss and sought dismissal of all four counts "with prejudice." The motion first alleged that counts I and II (which sounded in negligence) were improper in that an action against an attorney may not be brought in tort, only contract. (This was thereafter abandoned in light of the supreme court's holding in *Collins v. Reynard* (1992), 154 Ill. 2d 48, 607 N.E.2d 1185.) The motion also alleged that the date of defendants' alleged malpractice was not alleged in the complaint and that defendants were therefore unable to determine whether they had a basis to assert a limitations defense. The motion continued, with respect to counts I and II, by alleging additional affirmative matter: (1) that the date of the dissolution judgment was March 3, 1984, amended, April 3, 1985; (2) that the limitations period began to run on those dates and expired no later than April 3, 1990; and (3) that plaintiff was aware of the malpractice when her attorney wrote to defendants on November 21, 1988 (which letter was attached to the motion).

Defendants' motion, with respect to counts III and IV, alleged that the attachments to the complaint (exhibit A) were not written contracts and that the date of the alleged breach was not pleaded, which precluded any assessment of a limitations defense, and the motion concluded with the identical allegations made with respect to counts I and II in (1), (2), and (3) above.

Defendants' motion to dismiss did not state whether it was being made pursuant to section 2—615 or section 2—619 of the Code of Civil Procedure (Code)(735 ILCS 5/2—615, 2—619 (West 1992)). No affidavits were attached to the motion, and it was not verified. It was thereafter argued on the merits without any objection by plaintiff as to form.

The trial court dismissed all four counts of plaintiff's complaint. No written reasons were given by the trial court, except to specify that the motion to dismiss was "allowed—statute of limitations."

Plaintiff did not seek leave to amend her complaint after the motion to dismiss was filed, filing only authority in opposition. After the trial court dismissed plaintiff's complaint, she filed her motion to reconsider. No specific grounds were alleged in her motion; instead, plaintiff attached the following to her motion and prayed generally for reconsideration: (a) the trial transcript of the dissolution proceeding; (b) the notice of plaintiff's cross-appeal; (c) plaintiff's ex-spouse's motion to dismiss his appeal; (d) this court's order dismissing plaintiff's cross-appeal (*In re Marriage of Mayberry* (December 20, 1985), No. 5—85—0248); (e) plaintiff's section 2—1401 motion (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401 (now 735 ILCS 5/2—1401 (West 1992))); (f) the trial court's order dismissing the section 2—1401 mo-

tion; (g) this court's order affirming the trial court's dismissal of the section 2—1401 motion (*In re Marriage of Mayberry* (1991), 217 Ill. App. 3d 1113, 626 N.E.2d 793 (unpublished order pursuant to Supreme Court Rule 23 (134 Ill. 2d R. 23))); (h) plaintiff's petition for leave to appeal to the supreme court; and (i) the supreme court's denial of said petition for leave to appeal (*Ogle v. Mayberry* (1991), 142 Ill. 2d 655, 584 N.E.2d 131).

The facts revealed by the pleadings and the attachments to plaintiff's motion to reconsider follow.

Prior to November 30, 1984, plaintiff retained defendant Hotto to represent her in a dissolution-of-marriage proceeding. (Parenthetically, neither the pleadings nor the transcript reveals the nature of Dusek's obligations to plaintiff, aside from the general allegation that plaintiff retained "the defendants" to represent her.)

On November 30, 1984, the dissolution case was tried to the court. A contentious issue therein was the valuation of the stock of a closely held corporation. Hotto did not present any expert testimony on plaintiff's behalf concerning the valuation of that stock. Thereafter, on April 3, 1985, the trial court in the dissolution proceeding entered an amended final judgment, which, in part, established a value of the corporate stock. Plaintiff's ex-spouse appealed that judgment. Plaintiff filed her cross-appeal urging error in the valuation of the corporate stock.

On the motion of plaintiff's ex-spouse, his appeal was dismissed by this court on December 20, 1985. In the same order, this court dismissed plaintiff's cross-appeal for the reason that plaintiff had failed to brief any of the issues she raised in her cross-appeal.

Pursuant to section 2—1401 of the Code of Civil Procedure, Hotto, on February 26, 1986, filed, on plaintiff's behalf, a "petition to vacate" the prior judgment entered on April 3, 1985. Said "petition to vacate" was predicated upon the fact that plaintiff's ex-spouse had made "false representations" at the initial trial. On November 15, 1988, plaintiff's petition to vacate was denied. As previously described, such denial was affirmed by this court on August 23, 1991. *In re Marriage of Mayberry* (1991), 217 Ill. App. 3d 1113, 626 N.E.2d 793 (unpublished order pursuant to Supreme Court Rule 23).

On June 3, 1987, Hotto had prepared, and executed, a document entitled "Notice of Attorney Lien," which was captioned in the dissolution case and was directed to plaintiff and her ex-spouse. Said "notice of lien" stated that pursuant to "paragraph 14 of chapter 13 of the Revised Statutes of Illinois" Hotto claimed a lien against liquidated and unliquidated funds in the amount of $10,159.26. (The record does not disclose whether this notice of lien was ever filed of rec-

ord in the instant case.) Attached to the notice of attorney's lien was a document, dated June 4, 1987, in which plaintiff acknowledges that she was indebted to Hotto and the partnership in the sum of $10,159.26 for attorney fees and that the fees were reasonable.

On June 10, 1987, defendants withdrew as attorneys of record for plaintiff, and at the same time, her current counsel entered his appearance and on November 21, 1988, advised defendants, by letter, that he had advised plaintiff that her damages may have been caused by their malpractice.

On May 15, 1991, plaintiff filed her four-count complaint against defendants, alleging legal malpractice. On December 29, 1992, said complaint was dismissed, and judgment was entered. After plaintiff's motion to reconsider was denied, she perfected this appeal.

In seeking reversal of the trial court, plaintiff advances four points. First, she asserts that the trial court incorrectly applied the applicable statute of limitations and that pursuant to section 13—206 of the Code, the 10-year limitations statute applicable to written contracts is what should govern, not the five-year limitations statute found in Code section 13—205 (Ill. Rev. Stat. 1991, ch. 110, pars. 13—205, 13—206 (now 735 ILCS 5/13—205, 13—206 (West 1992))). Second, she also asserts that even if the five-year statute is applicable, nevertheless, the "discovery rule" would make her complaint timely filed. Her last two assignments of error urge that even if the "discovery rule" does not apply, nevertheless, the "continuous course of representation doctrine" should apply, both in tort and contract cases, and that the application of that doctrine would make her complaint timely filed and within the limitations statute.

At the outset, this court acknowledges that the current limitations statute applicable to attorneys (735 ILCS 5/13—214.3 (West 1992)) provides for a two-year limitations period which shall begin to run at "the time the person bringing the action knew or reasonably should have known of the injury for which damages are sought." This statute provides that it applies to "all causes of action accruing on or after its effective date." Since the current statute was not effective until January 1, 1991, the governing limitations periods for this case are found in sections 13—205 and 13—206.

Section 13—206 provides for a 10-year limitations period for "written contracts, or other evidences of indebtedness in writing." (735 ILCS 5/13—206 (West 1992).) Section 13—205 provides for a five-year period of time in which to sue for "actions on unwritten contracts *** and all other civil actions not otherwise provided for." 735 ILCS 5/13—205 (West 1992).

## I

The first point advanced by plaintiff is that the statute of limitations applicable to counts III and IV is 10 years, not 5 years as urged by defendants. Plaintiff argues that the alleged written "contract," which plaintiff asserts that defendants breached, is comprised of two documents—one, Hotto's "Notice of Attorney Lien" (attached as exhibit A to the complaint and hereinafter referred to as "lien"), and the other, the "Acknowledgment" (also attached as exhibit A to the complaint and hereinafter referred to as "acknowledgment"). Defendants, on the other hand, argue that neither the lien nor the acknowledgement, separate or together, is a written contract and therefore counts III and IV do not state a cause of action.

The lien was alleged to have been prepared by Hotto, and it contained language which asserted an attorney's lien against plaintiff and her ex-spouse in the sum of $10,159.26. The acknowledgment was a writing, executed by plaintiff, wherein she stated that she had employed defendants to represent her and that she owed them $10,159.26 in attorney fees.

Plaintiff argues that the writings referred to constitute a written contract wherein defendants agreed to perform legal services. We disagree.

■ ■ Taken in their best light, both documents merely contain language which attempts to collect and memorialize an existing debt for legal services, previously performed. Certainly, the lien was prepared in order to allow defendants to attempt to impose a lien on funds of plaintiff or her ex-spouse. Whether such lien would have been, or is, legally sufficient to impose a lien on property of plaintiff is not before us. What is before us is the issue of whether such lien constituted a contract for legal services. Whatever the lien's legal sufficiency, it is clear that such document is not a contract for legal services to be performed by defendants for plaintiff.

To the same effect is the acknowledgment of plaintiff. It, likewise, was an attempt by defendants to memorialize and formalize a debt allegedly owed by plaintiff to defendants. It was also prepared after the fact and after substantially all (if not all) of the legal services were performed.

As the plaintiff correctly points out in her brief, a contract, to be valid, must contain an offer, an acceptance, and consideration. (*Martin-Trigona v. Bloomington Federal Savings & Loan Association* (1981), 101 Ill. App. 3d 943, 428 N.E.2d 1028.) An agreement, to be enforceable, must also be sufficiently definite so that the terms thereof are reasonably certain and able to be determined. (*Kraftco Corp. v. Koblus* (1971), 1 Ill. App. 3d 635, 274 N.E.2d 153.) Where

there is no dispute as to the facts essential to a purported contract, the existence of a contract is a question of law to be decided by the court. *Bank of Benton v. Cogdill* (1983), 118 Ill. App. 3d 280, 288, 454 N.E.2d 1120, 1125.

In the instant case, the unilateral execution of the lien did not contemplate any acceptance by plaintiff, and the record reveals none. The terms of the purported "agreement" evidenced by the lien are not reasonably certain and definite.

Likewise, the acknowledgment did not constitute an offer or acceptance. The terms of the purported "agreement" evidenced by the acknowledgment were indefinite and uncertain.

As a result, neither the lien nor the acknowledgment, separate or together, is legally sufficient to constitute a valid contract for the performance of legal services. See *Bank of Benton*, 118 Ill. App. 3d 280, 454 N.E.2d 1120.

■ Plaintiff next argues "mutuality." She states that since defendants could sue "to enforce the plaintiff's promise to pay," the doctrine of mutuality would allow for plaintiff to sue on the document. Putting aside the fact that the acknowledgment does not contain any "promise to pay," nevertheless, the doctrine of mutuality requires the existence of a valid contract. (*Kraftco* Corp., 1 Ill. App. 3d 635, 274 N.E.2d 153.) Inasmuch as no contractual relationship for the performance of legal service was created by either document, the doctrine of mutuality does not apply.

■ Plaintiff next argues that even if initially there was only an oral or implied contract to furnish legal services, nevertheless, the "execution" of the written contract (both documents), during a transaction, operates as a merger wherein the written contract supersedes all prior or contemporaneous agreements, and plaintiff cites *Courtois v. Millard* (1988), 174 Ill. App. 3d 716, 529 N.E.2d 77. *Courtois* holds that a *valid* written contract supersedes and merges all prior and contemporaneous agreements dealing with the same subject matter. In this case, plaintiff's reliance on *Courtois* and the merger doctrine is misplaced in light of our holding that the documents do not create a valid written contract. Since there was no contract, there was no merger.

Defendants argue that counts III and IV, even though pled in terms of breach of contract, are nothing more than tort allegations, in light of the fact that plaintiff claims that defendants failed to use ordinary care. We note that a case for legal malpractice can be pleaded in either tort or contract. (*Collins v. Reynard* (1992), 154 Ill. 2d 48, 607 N.E.2d 1185.) However, in light of our holding that the documents upon which counts III and IV are predicated do not con-

stitute written contracts for the performance of legal services and therefore cannot serve to extend the five-year limitations period, we do not have to reach this issue and decline to do so.

Defendants assert that plaintiff did not raise the 10-year statute of limitations in response to defendants' motion to dismiss, which was based on the five-year statute of limitations. Therefore, the defendants argue that plaintiff may not now raise the 10-year statute of limitations on appeal. In light of our holding herein, we need not reach the waiver issue.

Plaintiff has argued her case in the trial court and on appeal by urging that counts III and IV are causes of action for the breach of a written contract. We have ruled that the documents upon which counts III and IV are predicated are not written contracts for the performance of legal services. Even though counts III and IV were dismissed by the trial court as being barred by the statute of limitations, and for no other reason, we may affirm if the decision of the trial court was correct for any reason. *Estate of Johnson v. Condell Memorial Hospital* (1988), 119 Ill. 2d 496, 502, 520 N.E.2d 37, 39.

We, therefore, hold that counts III and IV fail to state a claim upon which relief may be granted for breach of a written contract for legal services, and we affirm the trial court's dismissal of those counts on that basis. There is, therefore, no need for this court to address the issues of the "discovery rule" or any waivers thereof, as they might pertain to counts III and IV.

## II

The plaintiff next argues that the "discovery rule" precludes the dismissal of counts I and II of her complaint, citing *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976. In *Knox College*, the supreme court held that a statute of limitations does not commence running until the injured party knows, or reasonably should know, of his injury and knows, or reasonably should know, that it was wrongfully caused.

Plaintiff correctly notes that the issue of when the statute of limitations commences running is a question of fact, unless reasonable minds could not differ, then it is a question of law (*Knox College*, 88 Ill. 2d 407, 430 N.E.2d 976; *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869; *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 421 N.E.2d 864; *Jackson Jordan, Inc. v. Leydig, Voit & Mayer* (1994), 158 Ill. 2d 240, 633 N.E.2d 627).

Plaintiff urges that the "question of fact" concerning the discovery rule and when the statute of limitations begins to run is put in issue by virtue of counts I and II of her pleading, which allege

that the negligence of the defendants "first became known to [her] on or after June 15, 1987."

Defendants argue that the quoted allegation is a conclusion, which is not legally sufficient to create a question of fact regarding the commencement of the limitations period (*Addison v. Health & Hospitals Governing Comm'n* (1977), 56 Ill. App. 3d 533, 371 N.E.2d 1060). Defendants further argue that in order to invoke the discovery rule, a party must plead facts supporting the discovery rule (*Zagar v. Health & Hospitals Governing Comm'n* (1980), 83 Ill. App. 3d 894, 404 N.E.2d 496; *Kielminski v. St. Anthony's Hospital* (1979), 68 Ill. App. 3d 407, 386 N.E.2d 326).

We believe that plaintiff's pleading in count I and II is indeed conclusory in nature. In count I, plaintiff alleges that defendants were negligent in (a) failing to secure and present expert testimony concerning the value of the stock of the corporation, (b) failing to petition the trial court for necessary expense money to secure an expert, and (c) failing to be possessed of ordinary skill, all of which, it is alleged, "first became known to [her] on or after June 15, 1987."

Count II alleges that defendants were negligent in failing to file a brief in plaintiff's cross-appeal, resulting in its dismissal, "which fact became known to [her] on or after June 15, 1987."

The cases of *Ruklick v. Julius Schmid, Inc.* (1988), 169 Ill. App. 3d 1098, 523 N.E.2d 1208, and *Cuerton v. American Hospital Supply Corp.* (1985), 136 Ill. App. 3d 231, 482 N.E.2d 187, both support defendants' argument that plaintiff must allege facts which support the discovery rule and avoid the statute, but these cases are distinguishable. In *Ruklick*, there was no allegation of the date of discovery of the injury as is the case herein. *Cuerton* is likewise distinguishable. In *Cuerton*, there was also no allegation of the date of discovery of the particular injuries that the court held were barred by the statute, again unlike the allegations of the instant case. And, in both cases, the court implied that if those matters had been alleged, the pleading would have been sufficient to withstand the motion to dismiss.

Defendants' motion failed to specify upon what section of the Code of Civil Procedure they were relying—section 2—615 or section 2—619. Proper pleading requires the designation of a motion to dismiss as a section 2—615 motion or a section 2—619 motion. (*Davis v. Keystone Printing Service, Inc.* (1982), 111 Ill. App. 3d 427, 444 N.E.2d 253.) Courts may review the substance of "hybrid" or incomplete motions to dismiss unless prejudice results, in which case reversal will occur (*Eddings v. Dundee Township Highway Commissioner* (1985), 135 Ill. App. 3d 190, 478 N.E.2d 888; *MBL (USA) Corp. v. Diekman* (1985), 137 Ill. App. 3d 238, 484 N.E.2d 371).

■ In the instant case, the grounds for dismissal urged by defendants do not appear from the face of the pleading (in that there is no allegation from which it can be inferred when the cause of action accrued). As a result, section 2—619(a) mandates that "the motion shall be supported by affidavit." (735 ILCS 5/2—619(a) (West 1992).) Defendants attached no affidavit. However, plaintiff never objected to the motion's legal sufficiency in the trial court or on appeal. As is apparent from the record, both parties considered the motion a section 2—619 motion. As a result of the failure to object, plaintiff waived any defect in the section 2—619 motion. *Hargrove v. Gerill Corp.* (1984), 124 Ill. App. 3d 924, 464 N.E.2d 1226; *Buchalo v. Country Mutual Insurance Co.* (1980), 83 Ill. App. 3d 1040, 404 N.E.2d 473; *Crowe v. Public Building Comm'n* (1977), 54 Ill. App. 3d 699, 370 N.E.2d 32, *aff'd* (1978), 74 Ill. 2d 10, 383 N.E.2d 951; *Cuerton,* 136 Ill. App. 3d 231, 482 N.E.2d 187.

When defendants pleaded the statute of limitations as a defense, (1) plaintiff was required to amend her complaint in order to specifically allege facts supporting the discovery rule, and (2) since the defendants alleged additional affirmative matter, plaintiff was required to also respond to same in order to overcome the affirmative matter and create a factual issue. *Ruklick v. Julius Schmid, Inc.* (1988), 169 Ill. App. 3d 1098, 1107, 523 N.E.2d 1208, 1214; *Cuerton,* 136 Ill. App. 3d at 237, 482 N.E.2d at 191.

The affirmative matter alleged by defendants (that the five-year limitations period began to run on April 3, 1985, and was tolled on April 3, 1990, prior to suit being filed) was not under oath or the subject of affidavit. Plaintiff responded by filing copies of numerous transcripts, orders, and opinions, previously detailed herein, likewise not under oath. We hold that plaintiff's response in filing the numerous documents noted was sufficient to satisfy the purposes of the discovery rule and section 2—619(a)(5), under the unique circumstances of this case, and was sufficient to create a factual issue concerning the affirmative matter alleged in defendants' motion.

However, the pleading, as we have previously noted, is conclusory and fails to allege sufficient ultimate facts to satisfy the discovery rule. (*Kirksey v. Trefzger* (1988), 175 Ill. App. 3d 891, 530 N.E.2d 559; *Gould v. Sachnoff & Weaver, Ltd.* (1992), 240 Ill. App. 3d 243, 607 N.E.2d 1318.) That pleading requirement is not burdensome, and great detail need not be alleged. What is required is for the pleader to allege what fact or facts support the late discovery of the injury. *Kirksey,* 175 Ill. App. 3d 891, 530 N.E.2d 559 (where the allegation that the discovery of the injury occurred at the time that the plaintiff was interviewed by her attorney was sufficient); *Gould,* 240 Ill. App.

3d 243, 607 N.E.2d 1318 (where it was held that a pleading is sufficient to satisfy the discovery rule if the plaintiff alleges that he was made aware of the injury on a certain date by receipt of notice from the IRS).

What then should be the appropriate rule where a pleader fails to plead sufficient facts to satisfy the discovery rule after a motion to dismiss raising the statute of limitations has been filed? The answer to this dilemma is found in the case of *D.P. v. M.J.O.* (1994), 266 Ill. App. 3d 1029, 640 N.E.2d 1323.

In *D.P.*, the plaintiff alleged in count I: "This action was commenced within two (2) years of the·date on which the plaintiffs discovered that the foregoing damage was caused by the childhood sexual abuse of the defendant, [M.J.O., Sr.], and not more than twelve (12) years after the plaintiffs attained the age of eighteen (18) years." (266 Ill. App. 3d at 1030.) The trial court dismissed count I pursuant to the defendant's section 2—619 motion, which alleged that the statute of limitations had run and affirmatively alleged that the plaintiff had not filed suit within two years of attaining majority. The appellate court extensively reviewed the "discovery rule," and the appellate court stated:

"In the instant case however, the pleadings regarding the plaintiffs' belated discovery of the connection between their abuse and their symptoms is sparse and conclusory. *** [T]he pleadings in this case do not provide any basis upon which to evaluate whether the state of the plaintiffs' awareness was sufficient to have put them on notice of that connection at any earlier time. Accordingly, the trial court was premature in dismissing counts I and IV pursuant to defendant's fact motion brought under section 2—619(a)(5) of the Code of Civil Procedure. *No extrinsic facts outside of the pleadings were offered by the movant from which any evaluation could have been made as to whether the state of the plaintiffs' awareness was sufficient to put them on notice of the connection between the abuse and the injury.*

We recognize that because of their sparsity the allegations of belated discovery in plaintiffs' complaint are formally insufficient and fail to provide sufficient factual underpinnings upon which to reasonably evaluate whether plaintiffs had constructive knowledge of the connection between the abuse and their injuries. Arguably, the complaint could have been stricken by reason of its formal insufficiency in pleading plaintiffs' belated discovery. (See *Chicago Park District v. Kenroy, Inc.* (1978), 58 Ill. App. 3d 879, 888, 374 N.E.2d 670, 676 (stating plaintiff requesting application of the discovery rule must plead acts to explain why the cause of action was not discovered sooner) [*,aff'd in part & rev'd in part on*

*other grounds* (1980), 78 Ill. 2d 555, 402 N.E.2d 181]; accord *Pratt v. Sears Roebuck & Co.* (1979), 71 Ill. App. 3d 825, 390 N.E.2d 471.) *However, such insufficiency would not justify a dismissal with prejudice but would require that the trial court grant leave to amend. Davies v. Martel Laboratory Services, Inc.* (1987), 157 Ill. App. 3d 686, 688, 510 N.E.2d 1119, 1121 (stating that '[l]eave to amend should be granted unless it is apparent that even after amendment no cause of action can be stated')." (Emphasis added.) *D.P.*, 266 Ill. App. 3d at 1034-35, 640 N.E.2d at 1327.

The *D.P.* court then reversed the trial court and remanded the matter back to the trial court with directions to allow the plaintiffs an opportunity to amend and replead the allegations with respect to invoking the discovery rule.

■ For the reasons stated by the court in *D.P.*, we believe that the judgment of dismissal of counts I and II should be reversed and this cause should be remanded to the trial court in order to allow plaintiff an opportunity to amend her complaint and plead the discovery rule with more specificity, before the trial court makes a determination as to whether the discovery rule should be applied to toll the statute of limitations in this case.

Defendants conclude their argument by stating that even if the discovery rule is properly pleaded, it should not be applied in this case. Defendants argue that absent the discovery rule, the causes of action on counts I and II accrued on April 3, 1985, and December 20, 1985, respectively, and that plaintiff would have had until April 3, 1990, and December 20, 1990, to file her complaint. The argument continues that as of November 21, 1988, plaintiff knew of the possible cause of action against defendants and had approximately 16 months thereafter to file her complaint. Instead, plaintiff waited some 30 months to file.

Defendants urge us to engraft the "reasonable time rule" upon the "discovery rule." In their brief, defendants acknowledged that there was a split of authority on the issue. The supreme court has since ruled on the matter.

One line of authority held that if a plaintiff discovered her cause of action within the limitations period and, at the time of discovery, nevertheless had a reasonable time thereafter in which to file, the discovery rule may not be invoked to extend the running of the limitations period. *Dolce v. Gamberdino* (1978), 60 Ill. App. 3d 124, 376 N.E.2d 274; *Hermitage Corp. v. Contractors Adjustment Co.* (1993), 264 Ill. App. 3d 989, 637 N.E.2d 1201, *rev'd* (1995), 166 Ill. 2d 72.

The other line of authority held that the statutory period does not commence until the plaintiff discovered, or should reasonably

have discovered, the injury giving rise to the cause of action and that it was wrongfully caused, and that the plaintiff had the full period allowed by the particular statute to file suit after the statute commenced to run. *Tucek v. Grant* (1984), 129 Ill. App. 3d 236, 472 N.E.2d 563; *Garcia v. Pinto* (1993), 258 Ill. App. 3d 22, 629 N.E.2d 103.

If one were to apply each line of authority to the facts of the instant case, the following results would occur. One line would require this court to determine whether the 16-month period of time, which occurred after plaintiff knew of her cause of action against defendants yet before the unextended statute of limitations expired, was a "reasonable time" period to allow for plaintiff to file her case. If so, the discovery rule would not be applicable, and the instant complaint would not have been timely filed. The other line would determine if the discovery rule applied, and if so, the full five-year period would begin to run on the date of the discovery of the injury and the fact that it was wrongfully caused. Assuming that plaintiff pleads and proves that the date of discovery of the injury and wrongful causation was on or after June 15, 1987, then, under the second line of authority, the instant complaint would have been timely filed.

■ Since the parties filed their briefs, the supreme court has put this issue to rest. In *Hermitage Corp.*, the supreme court reversed the appellate court and followed the reasoning of *Garcia* and *Tucek*. (*Hermitage Corp. v. Contractors Adjustment Co.* (1995), 166 Ill. 2d 72.) The supreme court held that the statute of limitations does not commence to run until the discovery of the cause of action under the criteria of *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976.

The ruling of the supreme court in *Hermitage* mandates this court to hold that the "reasonable time rule" as enunciated by the appellate courts in *Dolce* and *Hermitage* should no longer be followed.

In light of our holding herein, we do not need to determine if the "continuous course of representation rule" should apply to cases of legal malpractice and, if so, what its effect would be on the facts of this case.

The judgment of the circuit court dismissing counts III and IV is affirmed; the judgment of the circuit court dismissing counts I and II is reversed, and this cause is remanded with directions to allow the plaintiff to file an amended complaint to allege with more particularity facts supporting the application of the discovery rule.

Affirmed in part; reversed in part and remanded with directions.

RARICK and LEWIS, JJ., concur.